Jon E. GRESSEL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 3A01–9409–CR–292.

Court of Appeals of Indiana.

July 18, 1995.

Andrew C. Maternowski, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Jon E. Gressel appeals the denial of his motion to correct

erroneous sentence in which he alleged that his sentence for violating the terms of a restricted license,[1] a Class C misdemeanor, was not authorized by statute.

## FACTS

On April 18, 1994, Gressel pled guilty to the offense of violating the terms of a restricted license. On May 20, 1994, the trial court sentenced Gressel to a term of sixty days imprisonment which he does not challenge. The trial court also ordered the bureau of motor vehicles to reinstate a lifetime suspension of Gressel's driving privileges.[2] Subsequently, Gressel filed a motion to correct erroneous sentence alleging that the reinstatement of his lifetime suspension was not authorized by statute. After a hearing on October 31, 1994, the trial court denied the motion.

## DISCUSSION AND DECISION

Gressel asserts that the trial court erred in denying his motion to correct erroneous sentence in that his sentence was facially defective. Specifically, he asserts that the trial court had no statutory authority to order the reinstatement of his lifetime suspension of driving privileges as a penalty for violating the terms of a restricted license. A sentence is facially defective if it violates express statutory authority at the time the sentence is pronounced, as when the sentence falls outside the statutory parameters for the particular offense. *Poore v. State* (1993), Ind.App., 613 N.E.2d 478, 480.

Here, Gressel pled guilty to violating the terms of a restricted license, a Class C misdemeanor, in violation of I.C. § 9–30–4–8(b). I.C. § 9–30–4–8 does not provide for any additional penalties other than the standard penalties for a Class C misdemeanor which include up to sixty days imprisonment and/or a fine of up to $500.00. I.C. § 35–50–3–4. Thus, a court is not authorized to order

1. IND.CODE § 9–30–4–8(b).

2. On June 20, 1983, Gressel's license was suspended for life. However, on May 5, 1993, pursuant to IND.CODE § 9–30–10–14, the court re-

scinded the lifetime suspension and ordered that Gressel be issued a temporary restricted license which would allow him to drive to and from work and transport his mother when necessary.

a lifetime suspension of driving privileges as a penalty for violating I.C. § 9–30–4–8(b).

Because we find no statutory authority for the trial court's imposition of a lifetime suspension of Gressel's driving privileges as a sentence for his conviction of violating the terms of a restricted license under I.C. § 9–30–4–8(b), Gressel's sentence was facially defective.[3] Accordingly, we reverse and remand to the trial court to vacate that portion of Gressel's sentence which ordered that his license be suspended.

Judgment reversed and remanded for proceedings not inconsistent with this opinion.

NAJAM and RUCKER, JJ., concur.

---

3. We note that under I.C. § 9–30–10–16, a habitual traffic violator who operates a motor vehicle in violation of restrictions imposed under that chapter may, in addition to any criminal penalty, forfeit his driving privileges for life. Alternatively, under I.C. § 9–25–6–8, a trial court may recommend the suspension of a driver's license for a violation of any law relating to motor vehicles for a fixed period not to exceed one year and the bureau of motor vehicles shall comply with the court's recommendation. In the present case, however, Gressel was not convicted of violating I.C. § 9–30–10–16 nor did the trial court, pursuant to I.C. § 9–25–6–8, recommend to the bureau that Gressel's license be suspended for a fixed period not exceeding one year.