Mark **ALBRIGHT**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 80A02–9809–CR–737.

Court of Appeals of Indiana.

March 24, 1999.

Mark A. Ryan, P.C., Kokomo, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Mark Albright appeals from the sentence imposed after he pled guilty to two counts of operating while intoxicated,[1] both Class A misdemeanors. Albright presents one issue for our review, which we restate as: whether Albright's sentence exceeded the maximum sentence allowed by statute.

We remand with instructions to reduce Albright's term of probation.

At the time of his sentencing hearing, Albright had been incarcerated for 288 days while awaiting trial. At the sentencing hearing, the judge sentenced Albright to one year for each offense, to be served consecutively. However, the judge reduced the executed portion of Albright's sentence to time served, and placed him on probation for one full year for each offense. Albright appeals.

Albright contends that his sentence exceeds the statutory maximum, because he was placed on probation for one year for each conviction. Operating while intoxicated is a Class A misdemeanor, for which the maximum sentence is one year. IND.CODE § 35-50-3-2 (1993). Our supreme court has held that "a combined term of probation and imprisonment exceeding one year is inconsistent with the maximum term for conviction for a misdemeanor." *Smith v. State*, 621

N.E.2d 325, 326 (Ind.1993). Thus, if the trial court's sentencing order imposed a term of probation that caused Albright to serve more than one year of combined probation and imprisonment for either of his convictions, the trial court erred.

In ordering Albright's sentence, the trial judge stated that the executed portion of each of Albright's one-year sentences would be reduced to time served. Albright had served 288 days at the time of his sentencing.[2] In addition, Albright was entitled to "credit time," or good time credit, under IND.CODE § 35-50-6-3 (1993). Thus, Albright's time served equaled 576 days.

 "Where a defendant is confined during the same time period for multiple offenses for which he is convicted and sentenced to consecutive terms, credit is applied against the aggregate sentence." *Ragon v. State*, 654 N.E.2d 906, 907 (Ind.Ct.App.1995). Because he had served at least 365 days, Albright's first one-year sentence had been completed. Thus, no probationary period could be imposed for the first conviction. In addition, Albright had served 211 days, and had only 154 days left to serve on his second one-year sentence. Therefore, the trial court erred when it imposed a full year of probation for the second conviction. Because the trial court's sentencing order imposed a sentence that was greater than one year for each of the convictions, we remand to the trial court for the determination of a sentencing order that imposes terms of probation and imprisonment not in excess of one year for either of Albright's convictions.

Remanded with instructions.

RILEY, J., and BROOK, J., concur.

1. IND.CODE § 9-30-5-2 (1993).

2. The State contends that Albright had only served 274 days at the time of his sentencing. However, our calculation of time served is 288 days.