**Brandon WEAVER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 03A01–9910–CR–349.

Court of Appeals of Indiana.

March 29, 2000.

Andrew J. Baldwin, Franklin, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-defendant Brandon Weaver ("Weaver") challenges the trial court's denial of his motion for pre-sentence jail time credit.

We reverse and remand for further proceedings.

### Issues

■ Weaver presents a single issue for our review, namely, whether the trial court erred in deeming his motion for pre-sentence jail time credit barred by the doctrine of res judicata.[1]

### Facts and Procedural History

On November 7, 1994, the State charged Weaver in the Bartholomew Circuit Court ("the trial court") with two counts of robbery[2] as Class B felonies. At that time, Weaver was incarcerated in another coun-

---

1. In a nutshell, the doctrine of res judicata bars relitigation of a claim after a final judgment has been rendered, when the subsequent action involves the same claim between the parties. *See Shumate v. State*, 718 N.E.2d 1133, 1135 (Ind.Ct.App.1999).

2. *See* IND.CODE § 35–42–5–1 (robbery while armed with a deadly weapon).

ty on charges unrelated to the Bartholomew County offenses and had been so since August 23, 1994.[3] On November 9, 1994, the trial court issued a warrant for Weaver's arrest on the Bartholomew County charges, which was ultimately served on July 19, 1995.

On February 16, 1996, Weaver pled guilty pursuant to a plea agreement to the two counts of robbery. On April 22, 1996, the trial court sentenced him to fifteen years on each count with five years suspended from each, and ordered that the sentences be served concurrent with each other and the sentences previously imposed in four other counties.[4] In keeping with the pre-sentence investigation report's recommendation, the trial court did not award Weaver any credit for time served prior to sentencing.[5]

In April 1997, Weaver filed a pro se motion for pre-sentence jail time credit of 609 days, which the trial court summarily denied. He did not appeal the court's ruling, but retained an attorney who filed another motion for pre-sentence jail time credit in January 1999, this time for 277 days; this, too, the court summarily denied. The trial court also denied Weaver's subsequent motion to correct error, finding that because Weaver had sought jail time credit in 1997 and the issue had been "previously adjudicated," he was "barred from filing a second Motion For Credit Time by res judicata." Weaver now appeals.

## Discussion and Decision[6]

■ Weaver contends that the trial court erred in summarily denying his motion for pre-sentence jail time credit on principles of res judicata. In particular, he urges that a defendant who has not been awarded proper credit time under Indiana Code Section 35–50–6–3 may seek review of this error at any time, because a defendant should not and cannot be incarcerated for any duration longer than that allowed by law. We agree.

■ "When interpreting statutory language, the fundamental rule is that words and phrases should be given their plain, ordinary, and usual meaning. We do not trim the sails of legislative intent." *Nutt v. State*, 451 N.E.2d 342, 344 (Ind.Ct. App.1983) (citations omitted). Thus, when Indiana Code Section 35–50–6–3 provides, without qualification or exception, that a person imprisoned for a crime or confined awaiting trial or sentencing "earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing," we must assume from the plain language of this provision that a trial court has no discretion in the granting or denial of pre-sentence jail time credit. *See id.*; *see also Williams v. State*, 178 Ind.App. 163, 167, 381 N.E.2d 1256, 1259 (1978) (construing predecessor statute which read, "When sentencing any person convicted of a crime the sentencing court shall order that the sentenced person be given credit [for time served prior to sentencing]," as imparting no discretion on a trial court with respect to granting pre-sentence jail time credit). Indiana Code Section 35–50–6–3 sets forth in no uncertain terms that a person confined awaiting trial or sentencing is statutorily entitled to one day of credit for each day he is so

---

**3.** It is unclear from the record in which county Weaver was incarcerated and for what duration. The trial court's abstract of judgment reflects that sentences had been previously imposed upon him in Hendricks, Montgomery, Morgan, and Putnam Counties.

**4.** *See* footnote 3.

**5.** Neither the pre-sentence investigation report nor the transcript of the sentencing hearing was included in the record before us.

**6.** Initially, we observe that Weaver fails to present cogent argument or cite to any legal authority in support of his arguments on appeal. *See* Ind. Appellate Rule 8.3(A)(7). He therefore waives review of those arguments. *See Hough v. State*, 690 N.E.2d 267, 275 (Ind. 1997). Nevertheless, we address the merits of Weaver's appeal given the liberty interests at stake in light of his continued incarceration.

confined; therefore, pre-sentence jail time credit is a matter of statutory right, not a matter of judicial discretion. *See* 24 C.J.S. *Criminal Law* § 1571 (1989) (observing that in many jurisdictions, the right to jail time credit is statutory, and that courts have even held that "credit for time previously served is constitutionally mandated by the double jeopardy clause of the Fifth Amendment") (citations omitted).

■ This construction is not only consistent with the basic precepts of statutory interpretation, but also with "Indiana's treatment of pre-sentence imprisonment as a form of punishment" and "the proposition that credit time statutes, as remedial legislation, should be liberally construed in favor of those benefited by the statute." *See Nutt,* 451 N.E.2d at 344. Moreover, a trial court's sentencing authority is only that which is conferred by the legislature, and it does not possess the power to impose sentences beyond the statutorily prescribed parameters. *See Johnson v. State,* 654 N.E.2d 788, 790 (Ind.Ct.App.1995) (noting that legislature has exclusive power to pass statutes defining and punishing crimes), *trans. denied* ; *Lockhart v. State,* 671 N.E.2d 893, 904 (Ind.Ct.App.1996) (noting that although trial court has broad discretion in sentencing, it must act within statutorily prescribed limits); *see also* 24 C.J.S. *Criminal Law* § 1459. Indeed, a sentence that violates express statutory authority is facially defective. *See Gressel v. State,* 653 N.E.2d 139, 139 (Ind.Ct.App. 1995); *Lockhart,* 671 N.E.2d at 904 (concluding that a sentence which is contrary to or violative of the penalty mandated by statute is an illegal sentence); *see also* 24 C.J.S. *Criminal Law* § 1459 (observing

that a sentence not permitted by statute is void).

■ In light of these principles, the trial court erred when it summarily rejected Weaver's motion for pre-sentence jail time credit as being barred by the doctrine of res judicata. We conclude that *any* time a defendant whose liberty has been restricted through imprisonment or confinement requests a trial court to reconsider its previous award of jail time credit, and the defendant's motion in this regard identifies a sufficient factual basis for his eligibility, the court must address the merits of such motion.[7] *Cf. Lockhart,* 671 N.E.2d at 904 (holding that it is the general if not unanimous rule that a trial court has the power to vacate an illegal sentence and impose a proper one); *cf. also Devaney v. State,* 578 N.E.2d 386, 389 (Ind.Ct.App.1991) (holding that it is the duty of appellate courts to bring illegal sentences into compliance).

■ Here, Weaver's motion alleged that his arrest warrant was served on July 19, 1995, and that he was sentenced on April 22, 1996, for a total of 278 days of pre-sentence confinement.[8] The record further reflects that Weaver was ordered to serve his Bartholomew County sentence concurrent with the sentences previously imposed in four other counties. It is well settled that "where a person incarcerated awaiting trial on more than one charge is sentenced to concurrent terms for the separate crimes, [Indiana Code Section 35–50–6–3] *entitles him to receive credit time applied against each separate term.* However, where he receives consecutive terms he is only allowed credit time against the total or aggregate of the terms." *Bryant v. State,* 446 N.E.2d 364, 365 (Ind.Ct.App.

7. This is not to say that a trial court must address the merits of every pre-sentence jail time credit motion filed by a defendant, but only those presenting a legitimate issue with respect to credit which are supported by the facts of the case and existing legal theories, thus triggering the need to reconsider an award of credit. By way of illustration, a trial court may summarily deny a motion for pre-sentence jail time credit that provides no information or factual basis from which the

court can determine whether credit time is or may be due; one that makes only bald assertions of error or entitlement to credit time; or one that advances a theory of eligibility not recognized by our existing case law interpreting Indiana Code Section 35–50–6–3.

8. Weaver's motion actually requests 277 days of pre-sentence jail time credit.

1983) (citing *Simms v. State,* 421 N.E.2d 698, 701–02 (Ind.Ct.App.1981)) (emphasis added). Thus, because Weaver is serving concurrent terms for separate crimes, he is entitled to a credit against his Bartholomew County sentence for the time he spent incarcerated prior to sentencing on the Bartholomew County charges.

Weaver's motion for pre-sentence jail time credit provided sufficient information to create an issue which the court should have addressed. The trial court erred when it summarily denied his motion for credit time and determined it was barred by the doctrine of res judicata. As such, we reverse the trial court's denial of pre-sentence jail time credit and remand for an assessment of the proper number of credit days to which Weaver is entitled.

Reversed and remanded for further proceedings consistent with this opinion.

NAJAM, J., and ROBB, J., concur.