**Brandon C. WILLIAMS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–0012–PC–472.**

Court of Appeals of Indiana.

Dec. 12, 2001.

Brandon C. Williams, Appellant pro se.

## OPINION

MATHIAS, Judge.

Brandon C. Williams ("Williams") was convicted of assisting a criminal,[1] a Class C felony, in St. Joseph Superior Court. The trial court sentenced him to eight years and gave him pre-sentence jail credit of 487 days. The sentence was then suspended, and Williams was placed on probation for eight years. As a condition of probation, Williams was ordered to serve seven years in the Department of Correction. The trial court did not give him credit for the 487 days he was in jail prior to his sentencing. Williams filed a petition for post-conviction relief, which was denied. Williams appeals that denial raising one issue: whether the trial court erred when it failed to give Williams credit for pre-sentence jail time of 487 days. We agree with Williams' contentions and reverse and remand.

### Facts and Procedural History

On April 22, 1998, Williams and Grandon Reed ("Reed") went to Archie's Rib Joint in St. Joseph County, Indiana, with the intention of committing a robbery. Williams acted as the "lookout," while Reed went into Archie's to commit the robbery. R. at 45–46. Williams also held the door open so that Reed could make a getaway. R. at 45. During the robbery, Reed shot and killed Brian Cichocki. Williams purchased the gun that Reed

---

1. See Ind.Code § 35–44–3–2 (1998).

used to kill Mr. Cichocki and was responsible for disposing of the gun after the commission of the robbery and murder. R. at 77, 83.

On April 24, 1998, Williams was charged with two counts of robbery, Class B felonies, and one count of felony murder. The State filed a fourth count, assisting a criminal, as a Class C felony, against Williams on August 20, 1998. Williams pleaded guilty to assisting a criminal, a Class C felony, and the remaining charges were dismissed. The trial court sentenced Williams to eight years and gave him credit for pre-sentence jail time of 487 days.[2] The trial court then suspended that sentence and placed Williams on probation for eight years. As a condition of his probation, Williams was ordered to serve seven years in the Department of Correction. The trial court did not give him credit for the 487 days he spent in jail prior to his sentencing.

Williams failed to perfect a direct appeal of his sentence, but did file a petition for post-conviction relief on October 23, 2000. In his petition for post-conviction relief, Williams alleged that his sentence was "excessive and illegal" because he did not receive credit for pre-sentence jail time served when he was sentenced to serve seven years as a condition of his probation.

R. at 11. On November 15, 2000, the post-conviction court denied Williams petition for post-conviction relief. Williams appeals.[3]

### Standard of Review

Post-conviction procedures do not afford defendants the opportunity for a "super-appeal." *Benefiel v. State,* 716 N.E.2d 906, 911 (Ind.1999). Rather, they create a narrow remedy for subsequent collateral challenges to convictions. *Id.* Petitioners must establish their grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). "To prevail on appeal, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law." *Mahone v. State,* 742 N.E.2d 982, 984 (Ind.Ct.App.2001), *trans. denied* (citations omitted).

### Discussion and Decision

Williams argues that the trial court erred when it failed to give him credit for pre-sentence jail time of 487 days against his period of probation.[4] The

2. The trial court noted that Williams would have actually received 974 days of credit because a person who is incarcerated awaiting trial and sentencing earns one day of credit time for each day served. *See* Ind.Code § 35–50–6–3 (1998).

3. Williams filed his Appellant brief pro se, and the State did not file an Appellee Brief in this case.

4. We note that Williams did not file a direct appeal after sentencing, but has raised this issue for the first time in his petition for post-conviction relief. The purpose of post-conviction relief is not to provide a substitute for direct appeal, but to provide a means for raising issues not known or available to the defendant at the time of the original appeal. *Williams v. State,* 748 N.E.2d 887, 890 (Ind. Ct.App.2001). If an issue was available on direct appeal but not litigated, it is waived. *Id.* at 891. In addition, since the trial judge in this case is the same judge who sentenced the defendant in *Sutton v. State,* 562 N.E.2d 1310 (Ind.Ct.App.1990), *trans. denied.,* and the sentence in *Sutton* was affirmed, Williams could have reasonably believed that a direct appeal of his sentence would be futile. In *Weaver v. State,* 725 N.E.2d 945 (Ind.Ct.App. 2000), we stated that "a defendant who has not been awarded proper credit time under Indiana Code section 35–50–6–3 may seek review of this error at any time, because a

facts of this case are nearly identical to the facts in *Sutton v. State,* 562 N.E.2d 1310 (Ind.Ct.App.1990), *trans. denied.* In *Sutton,* the defendant was convicted of battery, a Class C felony, and sentenced to eight years with credit given for the 352 days he was incarcerated prior to trial. *Id.* at 1311. The trial court then suspended the sentence and placed the defendant on probation for eight years. *Id.* The defendant was ordered to serve seven years in prison as a condition of probation, and the trial court stated, "the time served of 352 days shall not apply to the term of imprisonment ordered as a condition of probation." *Id.* at 1311–12.

■ A panel of this court held that the trial court did not err when it sentenced the defendant, stating:

> [n]o statute or other law required the court to also credit the time served before trial towards the probation it ordered for Defendant.... It is not our job to judicially legislate new law on this point by imposing such a requirement on trial courts. That is a matter for the Legislature. We also note that if there were a statute requiring that such credit be given towards probation, then the overall penalty imposed in this case would exceed the statutorily prescribed limits for the offense in question, and would be an illegal sentence.

*Id.* at 1313 (citations omitted). However, Judge Baker dissented arguing that a trial court cannot suspend a sentence that has already been executed. *Id.* at 1314. Judge Baker noted that Sutton received

Class I credit for the 352 days of incarceration prior to trial, for a total of 704 days credit; therefore, Sutton "was thus left with six years and twenty six days on his maximum eight-year sentence." *Id.* Judge Baker argued that the trial court could not suspend more than six years and twenty-six days, because a portion of a sentence that has already been executed cannot be suspended. *Id.* Judge Baker concluded that because Sutton did not receive credit for the time he had already spent in jail, he "received a sentence in excess of the statutory maximum sentence." [5]

■ We disagree with the conclusion reached by the majority in *Sutton* and decline to follow it here. Indiana Code section 35–50–6–3 provides that "a person assigned to Class I [credit time] earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." Trial courts do not have discretion in granting or denying pre-sentence jail credit time, as it is not a matter of judicial discretion, but of statutory right. *Weaver v. State,* 725 N.E.2d 945, 947–48 (Ind.Ct.App.2000). Pre-sentence imprisonment is a form of punishment and "credit time statutes, as remedial legislation, should be liberally construed in favor of those benefited by the statute." *Id.* (citing *Nutt v. State,* 451 N.E.2d 342, 344 (Ind.Ct.App.1983)).

We agree with Judge Baker's argument in *Sutton* that this sentencing scheme exceeds the maximum sentence permitted by Indiana Code section 35–50–2–6. A similar set of circumstances was discussed by

---

defendant should not and cannot be incarcerated for any duration longer than that allowed by law." *Id.* at 947.

5. The maximum sentence for a C felony is eight years. *See* Ind.Code § 35–50–2–6 (1998). Under Judge Baker's analysis, because Sutton served 352 days in jail and received Class I credit for a total of 704 days,

which was not credited to his eight years of probation, Sutton's sentence in effect became nearly 10 years; therefore, his sentence was illegal. "A sentence in excess of the penalty mandated by our General Assembly through its applicable statute is an illegal sentence." *Id.* (citing *Golden v. State,* 553 N.E.2d 1219, 1222 (Ind.Ct.App.1990)).

this court in *Albright v. State,* 708 N.E.2d 15, 16 (Ind.Ct.App.1999). In that case, the defendant was charged with two counts of operating while intoxicated, both Class A misdemeanors, and was incarcerated for 288 days while awaiting trial. He was convicted of both counts and sentenced to consecutive terms of one year for each offense; however, the trial court reduced the executed portion of the defendant's sentence to time served, then placed him on probation for one full year for each offense. *Id.* The defendant appealed arguing that the sentence exceeded the maximum sentence allowed by statute. *Id.*

We held that the trial court erred because its sentencing order imposed a term of probation that caused the defendant to serve more than one year of combined imprisonment and probation for his convictions. *Id.* Because the defendant was incarcerated for 288 days, he earned credit time of 576 days;[6] therefore, we held that because he served at least 365 days, his first one-year sentence had been completed, and no probationary period could be imposed for the first conviction. *Id.* This court also held that the trial court erred when it imposed a full year of probation for the second conviction because the defendant had served 211 days that applied to the second conviction. *Id.*

In this case, Williams served 487 days in jail prior to his sentencing; therefore, he is entitled to credit time of 974 days, or two years and 244 days. Williams' eight-year sentence was suspended and he was placed on probation for eight years. The trial court's failure to give him credit time has the effect of actually giving Williams a sentence of 10 years and 244 days. This exceeds the eight-year statutory maximum for a C felony conviction and is an illegal sentence. *See* Ind.Code § 35–50–2–6 (1998); *Weaver,* 725 N.E.2d at 948.

---

6. *See* Ind.Code § 35–50–6–3.

## Conclusion

The effect of the trial court's failure to give Williams credit for pre-sentence jail time is that Williams' sentence exceeds the statutory maximum and is an illegal sentence. For all these reasons, we reduce Williams' aggregate sentence of eight years probation by 974 days; therefore, Williams is ordered to serve five years and 121 days in the Department of Correction as a condition of his probation.

Reversed and remanded for credit consistent with this opinion.

DARDEN and VAIDIK, JJ., concur.