Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE:

**JORDAN GUESS**
Indianapolis Re-Entry Educational Facility
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JORDAN GUESS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1112-CR-620 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-0710-FB-3240

**July 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Jordan Guess, pro se, appeals the trial court's denial of his motion for jail time credit. The sole issue presented for our review is whether the trial court abused its discretion when it denied his motion. Guess has submitted an inadequate record on appeal and consequently has waived our review of his claim. Therefore, we affirm.

## Facts and Procedural History

On July 10, 2007, Guess was charged in Clay County with class B felony burglary. While incarcerated in the Clay County Jail on that charge, Vigo County authorities served Guess with an arrest warrant and charged him with another class B felony burglary. On March 24, 2008, Guess pled guilty to the Clay County burglary charge and was sentenced to ten years for that conviction.[1] On November 6, 2008, Guess pled guilty to the Vigo County charge. Pursuant to a plea agreement, Guess pled guilty to class B felony burglary and agreed to a ten-year executed sentence. The plea agreement provided that the Vigo County sentence would be served consecutively to the sentence imposed in Clay County. Accordingly, on December 1, 2008, the trial court sentenced Guess pursuant to the plea agreement. The trial court determined that Guess was not entitled to any jail time credit for his Vigo County sentence. Guess did not appeal his sentence.

On January 4, 2011, Guess filed a pro se motion for jail time credit. That motion was denied by the trial court on January 14, 2011. Thereafter, in November of 2011, Guess filed

---

[1] This information was provided by Guess in his appellant's brief. The State does not challenge this statement, and, although we will presume its accuracy, Guess has provided us no documentation in the record to confirm this information.

a petition for post-conviction relief again requesting jail time credit. On November 10, 2011, the trial court summarily denied Guess's petition for post-conviction relief, concluding that post-conviction relief was not the proper avenue for Guess to pursue as he should have sought direct appeal of the trial court's original judgment. Guess filed a third request for jail time credit on November 29, 2011. The trial court again denied Guess's motion and admonished Guess not to file repetitive motions seeking the exact same relief. Appellant's App. at 6, 32. This appeal ensued.

## Discussion and Decision

Pre-sentence jail time credit is a matter of statutory right, not a matter of judicial discretion. *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000). Indiana inmates imprisoned awaiting trial or sentencing earn Class I jail time credit or "one (1) day of credit time for each day [the inmate] is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3(a). Jail time credit operates differently depending on whether the sentences are consecutive or concurrent. *Corn v. State*, 659 N.E.2d 554, 558 (Ind. 1995). In concurrent sentencing cases, Indiana Code Section 35-50-6-3 entitles the individual to receive credit time applied against each separate term; however, in consecutive sentencing cases, credit time is awarded against the total or aggregate of the sentence terms. *Stephens v. State*, 735 N.E.2d 278, 284 (Ind. Ct. App. 2000), *trans. denied*. This guards against an award of "double credit" in situations where a defendant has arguably been incarcerated at the same time on more than one offense if the sentences for multiple offenses are to be served consecutively. *French v. State*, 754 N.E.2d 9, 17 (Ind. Ct. App. 2001).

Although Guess claims that, based upon his time served in the Clay County Jail, he is entitled to 413 days of jail time credit toward his Vigo County sentence, we are unable to consider his claim due to his failure to provide us with an adequate record on appeal. Pro se litigants are held to the same standard as trained legal counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. It is the appellant's duty to provide a record that reflects the error alleged. *Williams v. State*, 690 N.E.2d 162, 176 (Ind. 1997). To the extent the record is inadequate, it results in waiver of the issue. *Id*; *see Thompson v. State*, 761 N.E.2d 467, 471 (Ind. Ct. App. 2002) (failure to present adequate record regarding credit for time served resulted in waiver of the issue on appeal).

Other than his mere allegations, Guess has presented no information in the record to support his claim. Our review of the limited record before us indicates that Guess received mandatory consecutive sentences pursuant to his plea agreement. Sentencing Tr. at 13-14. As noted by the trial court during sentencing, Guess was in the Clay County Jail when the arrest warrant was served for the Vigo County burglary. Pursuant to his plea agreement on the Vigo County conviction, his ten-year Vigo County sentence was to be served consecutively to his Clay County sentence. We are unaware of whether Guess received credit for his time in the Clay County Jail against his Clay County conviction. Awarding Guess jail time credit against his Vigo County conviction in addition to his Clay County conviction would improperly result in double credit for the same time served. Guess has presented us with no information concerning his Clay County plea agreement and whether he

4

received the proper jail time credit when he was sentenced for his Clay County conviction. Based upon the limited and inadequate record before us, there is no way for this Court to discern whether Guess is entitled to any jail time credit. The issue is waived. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.