**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**TERRY CHANLEY**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Aug 27 2012, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRY CHANLEY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 87A01-1201-CR-42 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable Jeffrey L. Biesterveld, Special Judge
Cause Nos. 87C01-0103-CF-29, 87C01-0103-CF-30, 87C01-0103-CF-31

**August 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Terry Chanley appeals the trial court's denial of his motion for jail time credit. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On December 12, 1987, Chanley escaped from the Blackburn Correctional Complex in Lexington, Kentucky. On January 8, 1988, Chanley and two other men were apprehended by an Indiana State Trooper, who found them by the side of the interstate in an intoxicated state. During the incident, Chanley stole the Trooper's police vehicle and struck the Trooper with it as he fled. Chanley later also stole a truck.

The trial court found Chanley guilty of escape, theft, and robbery. The trial court also found Chanley to be an habitual offender and sentenced him to an aggregate sentence of sixty years incarcerated, to be served consecutive to his sentence in Kentucky. Chanley was incarcerated in the Warrick County Jail prior to his trial and sentencing.

Chanley appealed his convictions and sentence, and our Indiana Supreme Court affirmed. *Chanley v. State*, 583 N.E.2d 126, 132 (Ind. 1991). Chanley then petitioned for post-conviction relief, and the post-conviction court granted his request to vacate the trial court's habitual offender finding. The State appealed, and we reinstated the finding that Chanley was an habitual offender. *State v. Chanley*, 87A01-0212-CR-478 (Ind. Ct. App. June 26, 2003), *reh'g denied*, *trans. denied*.

On September 19, 2011, Chanley filed a petition for jail time credit, alleging he did not receive credit for the time he spent in the Warrick County Jail before he was sentenced for his Indiana offenses. On December 8, the trial court denied Chanley's motion.

2

**DISCUSSION AND DECISION**

Chanley argues the trial court erred when it denied his motion for jail time credit, and requests, "May I please have credit for the days I was confined in the Warrick County Jail applied to any one of my sentences in any jurisdiction, Pretty Please, with Sugar on Top!" (Reply Br. of Appellant at 4.) Despite the polite phrasing of his argument, we are unable to grant his request.

Indiana Code § 35-50-6-3(a) provides, "A person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." The determination of a defendant's credit time depends on the length of his pretrial confinement and whether that confinement is a result of the criminal charge for which sentence is being imposed. *Payne v. State*, 838 N.E.2d 503, 510 (Ind. Ct. App. 2005), *trans. denied*. A defendant may use presentence confinement to obtain "double or extra credit" by obtaining credit against two sentences for the same days of incarceration. *Id*.

"[A]ny time a defendant whose liberty has been restricted through imprisonment or confinement requests a trial court to reconsider its previous award of jail time credit, and the defendant's motion in this regard identifies a *sufficient factual basis for his eligibility*, the court must address the merits of such motion." *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000) (emphasis added). However, "a trial court may summarily deny a motion for pre-sentence jail time credit that provides no information or factual basis from which the court can determine whether credit time is or may be due; one that makes only bald assertions of error or entitlement to credit time[.]" *Id*. at 948 fn 7. Credit for pre-sentence jail time is a

3

"matter of statutory right, not a matter of judicial discretion[,]" *id.*, and thus we determine if the court erred in applying the law. *Id.* at 948.

In his designation of evidence before the trial court, Chanley provided documentation suggesting he did not receive credit against his sentence in Indiana for the time he was in the Warrick County Jail awaiting trial and sentencing. However, he did not provide any information regarding time, if any, credited toward the sentence he needed to finish serving in Kentucky before he began serving his Indiana sentence. Because Chanley did not demonstrate whether or not he received credit in Kentucky for the time he spent in Indiana's jail awaiting trial, the trial court could not give him credit against his sentence in Indiana without risking it was providing an impermissible "double" credit. *See Payne*, 838 N.E.2d at 510 (impermissible "double" credit occurs when a defendant is given credit twice for the same period of pre-sentencing confinement). As Chanley did not provide all necessary information, we cannot hold the trial court erred when it denied his motion for jail time credit. Accordingly, we affirm.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.