## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 02 2015, 7:56 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

Robert A. Ottomanelli
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert A. Ottomanelli, *Appellant-Defendant,* | December 2, 2015 |
| v. | Court of Appeals Case No. 45A05-1412-CR-567 |
| | Appeal from the Lake Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Samuel L. Cappas, Judge |
| | Trial Court Cause No. 45G04-1303-FB-26 |

**Bradford, Judge.**

## Case Summary

[1] Appellant-Defendant Robert Ottomanelli appeals the denial of his request for jail time credit. We reverse and remand with instructions that the trial court address Ottomanelli's argument on the merits.

## Facts and Procedural History

[2] On February 28, 2014, Ottomanelli pled guilty to two counts of Class B felony burglary. On April 8, 2014, the trial court sentenced Ottomanelli to two fifteen-year sentences to be served concurrently. The trial court also awarded Ottomanelli 369 days for time served and 369 days of good time credit.

[3] On August 15, 2014, Ottomanelli filed a motion for jail time credit in which he alleged that he was entitled to 391 days of jail time credit—not 369 days—based on his presentence incarceration from his March 15, 2013 arrest until his April 8, 2014 sentencing. On September 15, 2014, in an order denying Ottomanelli's motion, the trial court concluded that "a petition for credit time may only be used to attack a sentence that is invalid on its face. The sentence is not facially erroneous. Therefore, the issues must be addressed in a petition for post-conviction relief." Appellant's Supplemental App. p. 20. The trial court declined to address the merits of Ottomanelli's argument.

[4] On October 27, 2014, Ottomanelli filed a motion to correct erroneous sentence and a motion to correct error, both of which raised the same allegation of inappropriate calculation of his jail time credit by the trial court. Ottomanelli's motions were summarily denied by the trial court on October 30, 2014.

# Discussion and Decision

[5] On appeal, Ottomanelli argues that he is entitled to an additional twenty-two days of jail time credit. The State argues that Ottomanelli has waived this issue for our review. However, the State concedes that if Ottomanelli has not waived the issue for review, then the trial court was required to address the merits of his argument.

[6] The State argues that Ottomanelli has waived the issue for review by failing to provide a cogent legal argument in the 'Argument' section of his brief in violation of Indiana Appellate Rule 46(A)(8)(a). Appellate Rule 46(A)(8)(a) requires that the Argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on…." "[W]henever possible, we prefer to resolve cases on the merits instead of on procedural grounds like waiver. Thus, unless we find a party's non-compliance with the rule sufficiently substantial to impede our consideration of the issue raised, we will address the merits of his claim." *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015).

[7] The State is correct that Ottomanelli's Argument section "merely recites case law establishing that a facially erroneous sentence may be corrected though a motion to correct erroneous sentence." Appellee's Br. p. 5. However, Ottomanelli's claim that the trial court erred in calculating the correct amount

of jail time credit is explained in the 'Summary of the Argument' and 'Statement of the Facts' sections of his brief. Furthermore, Ottomanelli's argument has been clear and consistent since his initial August 15, 2014 motion for jail time credit. Any procedural missteps made by Ottomanelli are inconsequential and have not impeded this court's review of the issues. As such, we find that Ottomanelli has not waived the issue for review.

[8] The State concedes that, absent waiver, the trial court "'must address the merits' of a motion for jail time credit where the motion 'identifies a sufficient factual basis for his eligibility'." Appellee's Br. p. 6 (quoting *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000)). The State acknowledges that the chronological case summary appears to support Ottomanelli's argument, although not his specific calculation. It appears that 386 days elapsed between Ottomanelli's arrest on March 15, 2013 and his sentencing on April 4, 2014. It is unclear from the record why Ottomanelli was awarded only 369 days of credit time instead of 386. As such, we reverse and remand with instructions that the trial court address the merits of Ottomanelli's argument.

[9] Reversed and remanded with instructions.

Baker, J., and Pyle, J., concur.