## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2016, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| **APPELLANT PRO SE** | **ATTORNEYS FOR APPELLEE** |
| Joshua Hopper | Gregory F. Zoeller |
| Pendleton, Indiana | Attorney General of Indiana |
| | |
| | Michael Gene Worden |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua Hopper, | March 31, 2016 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 37A03-1509-CR-1452 |
| v. | Appeal from the Jasper Circuit Court |
| State of Indiana, | The Honorable John D. Potter, Judge |
| *Appellee-Respondent.* | Trial Court Cause Nos. 37C01-1202-FA-195 and 37C01-1112-FD-1181 |

**Najam, Judge.**

# Statement of the Case

Joshua Hopper appeals the trial court's dismissal of his petitions for jail time credit. He raises one issue on appeal, namely, whether the trial court erred when it held that he had waived his claim for jail time credit.

We reverse and remand for further proceedings.

# Facts and Procedural History

On December 5, 2011, the State charged Hopper in Cause No. 37C01-1112-FD-1181 ("FD-1181") with theft, as a Class D felony. On February 24, 2012, the State charged Hopper in Cause No. 37C01-1202-FA-195 ("FA-195") with: count I, dealing methamphetamine, as a Class A felony; count II, possession of two or more chemical reagents or precursors with the intent to manufacture methamphetamine, as a Class C felony; and count III, dealing in a substance represented to be a controlled substance, as a Class D felony. On May 2, 2012, the parties entered into a plea agreement whereby Hopper pleaded guilty to theft, as a Class D felony in FD-1181 and dealing methamphetamine, as a Class A felony in FA-195, and the State dismissed the remaining charges. The trial court accepted the plea and, at a sentencing hearing on May 29, the court sentenced Hopper to consecutive sentences of fifteen years, with five years suspended to probation, for the Class A felony conviction in FA-195 and 180 days for the Class D felony conviction in FD-1181. The trial court credited Hopper with forty-eight days for previously-served jail time.

[4] On July 20, 2015, Hopper filed in FA-195 a petition for jail time credit alleging that he was entitled to a total of ninety-seven days of credit in that cause, rather than the forty-eight days the court had credited to him. On the same date, he filed in FD-1181 a petition for jail time credit alleging that he was entitled to a total of fifty-one days of credit in that cause, but that the court had granted him no credit.[1] The State filed a response to these motions and agreed that Hopper was entitled to additional jail time credit under both causes.

[5] In an August 17 order, the trial court summarily dismissed both of Hopper's credit time motions on the grounds that Hopper had waived his additional jail time credit when neither he nor his counsel objected or voiced any concerns at the sentencing hearing. In its order, the trial court noted that, at the sentencing hearing, Hopper had been provided with a copy of the previously prepared pre-sentence investigation report, which included on its front page a calculation of Hopper's jail-time credit of a total of forty-eight days. The trial court also noted that it had asked Hopper and his counsel if they had reviewed and received the pre-sentence investigation report, and they had answered in the affirmative. The trial court had also asked Hopper and his counsel whether there were any additions, deletions, or corrections to be made to the pre-sentence investigation report, and Hopper had made no objection or mention of the amount of credit time. The court concluded that Hopper had waived any additional jail time

---

[1] We note that, if "a defendant is convicted of the multiple offenses for which he has been held [while awaiting trial] and receives consecutive sentences for them," as is the case here, "the pre-sentencing jail time credit is applied against the total aggregate sentence, i.e., against only one of the sentences." *Hall v. State*, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011), *trans. denied*.

credit by failing to raise it at the sentencing hearing "when the issue was before the Court and spelled out in front of the parties and counsel." Appellant's App. at 7. This appeal ensued.

# Discussion and Decision

[6] Hopper contends that the trial court erred when, rather than deciding the merits of his jail time credit petitions, it summarily dismissed the petitions on the grounds that Hopper had waived the claims by failing to raise them at the sentencing hearing. We must agree.

[7] This court has held that

> *any* time a defendant whose liberty has been restricted through imprisonment or confinement requests a trial court to reconsider its previous award of jail time credit, and the defendant's motion in this regard identifies a sufficient factual basis for his eligibility, the court must address the merits of such motion.

*Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000) (emphasis original). As we observed in *Weaver*, Indiana Code Section 35-50-6-3[2] provides, "without qualification or exception," that a person imprisoned for a crime or confined awaiting trial or sentencing "earns one (1) day of good time credit for each day [he] is imprisoned for a crime or confined awaiting trial or sentencing." *Id*. at 947. And, "we must assume from the plain language of this provision that a

---

[2] The statute in effect in 2012, the relevant time in this case, contained the same language as that cited in *Weaver*.

trial court has no discretion in the granting or denial of pre-sentence jail time credit." *Id*. Rather, a defendant is entitled to such credit time "as a matter of statutory right, not a matter of judicial discretion." *Id*. at 948.

[8] Here, Hopper's petitions for jail time credit identified sufficient factual bases for his eligibility for such credit. Indeed, the State filed responses agreeing with Hopper's assertions. Hopper noted that, on December 18, 2011, he was arrested pursuant to a warrant issued under FD-1181 and incarcerated in the Pulaski and Jasper County Jails. He was released on bail on February 7, 2012, and he was convicted and sentenced on May 29, 2012. Thus, he alleged, he spent a total of fifty-one days in pre-trial confinement under FD-1181. Similarly, Hopper noted that he was arrested and confined to jail under FA-195 on February 22, 2012 and convicted and sentenced on May 29, therefore spending a total of ninety-seven days in pretrial confinement under FA-195. These are sufficient factual bases to demonstrate eligibility for credit time. Therefore, regardless of whether Hopper raised the issue of additional jail time credit at his sentencing,[3] he is entitled as a matter of statutory law to a trial court determination of the merits of his claims for jail time credit. The trial

---

[3] Although the State agreed in the trial court that Hopper was entitled to additional jail time credit, on appeal the State contends that any error in the calculation of Hopper's jail time credit was "invited" by Hopper's failure to raise the error at sentencing and was therefore waived. The State's claim is without merit. The "invited error" doctrine does not apply to a request to reconsider a previous award of jail time credit because such a request necessarily involves a claim that the challenged credit award exceeded statutory authority—as Hopper claims in his petitions for jail time credit—and such a sentence constitutes fundamental error that is appealable at any time. *See, e.g.*, *Collins v. State*, 835 N.E.2d 1010, 1017 (Ind. Ct. App. 2005), *trans. denied* (holding that "an illegal sentence that is invited nevertheless is subject to the fundamental error exception," and is therefore appealable at any time).

court erred in summarily dismissing his motions. *See Weaver*, 725 N.E.2d at 949.

[9]     We reverse and remand for a determination on the merits of Hopper's petitions for jail time credit in both causes.

[10]    Reversed and remanded for further proceedings.

Robb, J., and Crone, J., concur.