## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 01 2017, 5:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Chanse T. Starr | Curtis T. Hill, Jr. |
| Bunker Hill, Indiana | Attorney General of Indiana |
| | Justin F. Roebel |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Chanse T. Starr, | June 1, 2017 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 02A03-1608-CR-1866 |
| v. | Appeal from the Allen Superior Court |
| State of Indiana, | The Honorable Frances C. Gull, Judge |
| *Appellee-Respondent* | Trial Court Cause Nos. 02D06-1111-FC-361 02D06-1111-FC-358 02D06-1106-FD-844 |

**Baker, Judge.**

Chanse Starr appeals the trial court's denial of his motion for jail time credit and petition to dismiss probation. Finding no error, we affirm.

## Facts

In 2012, Starr entered into a plea agreement resolving three causes. Under the agreement, as later modified, Starr pleaded guilty to Class C felony corrupt business influence under cause FC-358, Class C felony corrupt business influence under cause FC-361, and admitted to being an habitual offender under cause FC-361.[1] Pursuant to the plea agreement, Starr was sentenced to concurrent four-year terms for the two Class C felony convictions, with an eight-year habitual offender enhancement. The plea agreement also required the trial court to suspend six years of that sentence.

At the March 14, 2012, sentencing hearing, Starr's attorney informed the trial court that Starr had been continuously incarcerated since November 10, 2011, and agreed that part of his credit time was to be applied to an unrelated misdemeanor cause. Counsel calculated that Starr was entitled to 117 days of jail credit toward the offenses to which he was pleading guilty. Appellant's App. Vol. II p. 8-9, 10. Starr agreed that 117 days of jail time credit should apply to these offenses, with the balance being applied to a misdemeanor cause.

---

[1] The charges under cause FD-844 were dismissed.

The trial court awarded Starr 117 days of jail time credit in causes FC-358 and FC-361.

[4] On July 20, 2016, Starr filed a motion for jail time credit and a petition to dismiss probation. The trial court denied both motions on July 22, 2016, and Starr now appeals.[2]

# Discussion and Decision

## I. Jail Time Credit

[5] Presentence jail time credit is a matter of statutory right rather than a matter of judicial discretion. *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000). A motion for jail time credit must "identif[y] a sufficient factual basis for [the inmate's] eligibility." *Id.*

[6] Here, both Starr and his attorney represented to the trial court that part of his accumulated jail time credit had been applied to an unrelated misdemeanor cause and that the balance to be applied to these causes totaled 117 days. Nothing in the record or Starr's argument leads us to question this calculation. Furthermore, the dates he suggests should be used to calculate his jail time credit are not supported by the chronological case summaries of these causes. Appellant's App. Vol. II p. 44, 56. Moreover, while Starr argues that he was entitled to good time credit, nothing in the record indicates that he was denied

---

[2] Starr filed a timely notice of appeal on August 10, 2016. This Court accepted a belated filing of his brief on March 24, 2017.

such credit. Under these circumstances, Starr has failed to identify a sufficient factual basis for his eligibility for additional jail time credit, and the trial court did not err by denying the motion.

## II. Petition to Dismiss Probation

[7] Starr voluntarily entered into a plea agreement, which provided that six years of his agreed-upon sentence would be suspended to probation. He now seeks to dismiss that probation. But he may not collaterally attack a sentence provided for in a plea agreement: "it is a long-standing principle that the validity of a guilty plea can only be challenged by way of a petition for post-conviction relief, not by direct appeal or motion to correct error." *Allen v. State*, 865 N.E.2d 686, 689 (Ind. Ct. App. 2007). Furthermore, he fails to provide a cogent argument in support of his theory that he cannot be required to serve an executed sentence in a different cause with a sentence ordered to be served consecutively to the present sentence before beginning his present probation. We find no error in the trial court's dismissal of Starr's petition to dismiss probation.

[8] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.