## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 24 2019, 10:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren D. Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan M. Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stacy B. Matheny,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 24, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1138<br><br>Appeal from the Perry Circuit Court<br><br>The Honorable M. Lucy Goffinet, Judge<br><br>Trial Court Cause No.<br>62C01-1603-MR-152 |

**May, Judge.**

[1]     Stacy B. Matheny appeals the trial court's determination of his credit time.  The State agrees the trial court erred in calculating credit time but arrives at a

different number of days to which Matheny is entitled. We reverse and remand for entry of a corrected sentencing order.

## Facts and Procedural History

On March 14, 2016, Matheny shot and killed Phillip Chase. Matheny fled to Kentucky but was apprehended later that day. Matheny was transferred to Perry County Jail on March 24, 2016. The State charged Matheny with murder.[1]

On February 8, 2017, based on two psychiatric evaluations, the trial court found Matheny not competent to stand trial. The court committed Matheny to the Division of Mental Health and Addiction ("DMHA") to restore competency. On August 14, 2017, doctors submitted a "Comprehension to Stand Trial Report" to the court. (App. Vol. II at 116.) Therein, Dr. Robert McDaniel stated Matheny now had the "[a]bility to [a]ssist [c]ounsel in the [p]reparation of a [d]efense[.]" (*Id*. at 122.) On August 15, 2017, the trial court ordered Matheny transported back to jail to stand trial. Matheny was returned to Perry County on August 17, 2017. On March 15, 2018, a jury found Matheny guilty of murder.

On April 6, 2018, the trial court found the aggravators outweighed the mitigators and sentenced Matheny to sixty-four years. No discussion was had

---

[1] Ind. Code § 35-42-1-1 (2014).

at the sentencing hearing regarding Matheny's credit time. In the sentencing order, the trial court calculated Matheny's credit time beginning on August 17, 2017, and ending on April 6, 2018, which is 233 days. The trial court gave no reason why it excluded the time Matheny spent at DMHA or in jail prior to his time at DMHA.

# Discussion and Decision

[5] A person earns one day of credit time for each day imprisoned for a crime or confined awaiting trial or sentencing. Ind. Code § 35-50-6-3.1(b). Pre-sentence credit time is a statutory right and trial courts do not have discretion to grant or deny such credit. *Williams v. State,* 759 N.E.2d 661, 664 (Ind. Ct. App. 2001). Determination of pretrial credit time "is dependent upon 1) pretrial confinement, and 2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed." *Bischoff v. State,* 704 N.E.2d 129, 130 (Ind. Ct. App. 1998), *trans. denied.* Credit time also accrues during time "spen[t] in a mental health facility as part of the criminal proceedings." *State v. Davis*, 898 N.E.2d 281, 289 (Ind. 2008).

[6] Matheny argues, and the State agrees, that the trial court miscalculated the credit time to which Matheny is entitled. The trial court, in the sentencing order, ordered Matheny to receive credit time from August 17, 2017, to April 6, 2018. However, Matheny was arrested on March 14, 2016, committed to DMHA on February 8, 2017, and then returned to jail on August 17, 2017. As the State has not asserted Matheny's confinement from March 14, 2016, to

August 17, 2017, was the result of a different criminal charge, Matheny was entitled to credit for those days as well.

[7] Matheny calculates his confinement time as 812 days from March 14, 2016, until April 6, 2018. The State asserts this calculation is in error and contends instead Matheny was confined only 754 days between his arrest and his sentencing. By our calculation, Matheny was confined 754 days between March 14, 2016, until April 6, 2018. Therefore, Matheny is entitled to 754 days credit time. *See Wilson v. State*, 679 N.E.2d 1333, 1336 (Ind. Ct. App. 1997) ("'confinement' within the context of the credit-time statute is not limited to actual imprisonment"). Accordingly, we reverse and remand for entry of a sentencing order indicating Matheny was to receive credit for 754 actual days as of the date of sentencing.

[8] Reversed and remanded.

Baker, J., and Tavitas, J., concur.