**Edward RAGON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 63A05–9408–CR–309.

Court of Appeals of Indiana.

Aug. 29, 1995.

Edward Ragon, Greencastle, pro se.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for appellee.

### OPINION

BARTEAU, Judge.

Edward Ragon presents on appeal the issue of whether the trial court erred in denying his "Motion to Correct Erroneous Sentence" which sought additional credit time for pre-sentence detention.

### FACTS

On September 30, 1992, Ragon was charged by information with burglary as a Class C felony and attempted theft as a Class D felony in Cause Number 63C01–9209–CF–417 ("Cause I"). On April 1, 1993, Ragon was charged by information in Cause

Number 63C01–9209–CF–95 ("Cause II") with burglary as a Class C felony, theft as a Class D felony, conspiracy to commit burglary as a Class C felony, and conspiracy to commit theft as a Class D felony. On April 2, 1993, Ragon entered into a plea agreement under which he pleaded guilty to the burglary charges under both Cause I and Cause II. According to the terms of the plea agreement, the sentences imposed in the two Causes were to run consecutively.

On May 3, 1993, the trial court conducted a sentencing hearing on both Causes, and sentenced Ragon under Cause I to seven and one-half years imprisonment, with 221 days credit time awarded for his pre-sentence detention. Ragon was sentenced under Cause II to seven and one-half years imprisonment with no award of credit time. The sentences were ordered to run consecutively.

### DISCUSSION

■ The award of credit time is governed by Ind.Code 35–50–6–3. Ragon contends that I.C. 35–50–6–3 requires that he receive two time credits: one for each of the Causes in which he pleaded guilty. Our Supreme Court rejected this argument in *Duncan v. State* (1980), 274 Ind. 457, 412 N.E.2d 770, 775; *see also, Dolan v. State* (1981), Ind.App., 420 N.E.2d 1364, 1373–74. "Where a defendant is confined during the same time period for multiple offenses for which he is convicted and sentenced to consecutive terms, credit is applied against the aggregate sentence." *Willoughby v. State* (1993), Ind.App., 626 N.E.2d 601, 602; *see also, Dewees v. State* (1983), Ind.App., 444 N.E.2d 332, 334, *trans. denied; Simms v. State* (1981), Ind.App., 421 N.E.2d 698, 702.

The time of Ragon's pre-sentence detention was credited against the aggregate time of his consecutive sentences. Ragon erroneously concludes that he is entitled to a double award of credit time for the period during which he was detained on multiple charges. "[T]here is no basis for the proposition that the legislature could have contemplated 'extra' or 'double' credit to a convicted felon under these circumstances." *Simms,* 421

N.E.2d at 702. Ragon is not entitled to "double" credit time.

AFFIRMED.

KIRSCH and RUCKER, JJ., concur.