**Jason W. HALL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 25A05–1008–CR–534.

Court of Appeals of Indiana.

March 15, 2011.

Transfer Denied May 24, 2011.

---

T. Andrew Perkins, Peterson & Waggoner, LLP Rochester, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Jason W. Hall ("Hall") appeals the sentencing order entered upon his plea of guilty to two counts of Burglary, as Class B felonies.[1] We affirm.

### Issues

Hall presents three issues for review:

I. Whether the trial court abused its sentencing discretion;

II. Whether his sentence is inappropriate; and

III. Whether he was erroneously denied credit time.

### Facts and Procedural History

On May 5, 2010, Hall pled guilty to charges that he had committed two residential burglaries in Fulton County, Indiana. At that time, he was serving sentences for burglaries committed in Miami, Huntington, and Wabash Counties.

On July 12, 2010, the Fulton County Superior Court imposed concurrent sentences of ten years, with four years suspended, for each of the Fulton County burglaries. However, the trial court ordered that the concurrent sentences would be consecutive to the sentences received for the burglaries in the other counties. Hall was awarded no credit time against the Fulton County sentences.

On the same day, Hall filed a brief in the trial court, requesting credit time for the days he had spent in pretrial confinement beginning when Fulton County served an arrest warrant upon Hall while he was incarcerated on unrelated charges. The request for credit time was denied. Hall now appeals.

### Discussion and Decision

#### I. DOC Misconduct Reports

The trial court found as aggravating factors Hall's commission of multiple burglaries in multiple counties within a ten-month period, his prior criminal history, his DOC misconduct reports, and his poor work history. As mitigating factors, the trial court recognized Hall's guilty plea and his completion of DOC programs. The trial court noted that the plea was

---

1. Ind.Code § 35–43–2–1(1)(B)(i).

given minimal weight because Hall had been implicated by a co-defendant's confession and that the program completion was "offset" by Hall's "conduct reports at DOC." (App.164.) Hall contends that the trial court erred "when it counted [his] DOC conduct as both an aggravating factor and reason to discount a corresponding mitigating factor." Appellant's Brief at 8.

■ "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds*, 875 N.E.2d 218 (Ind.2007). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. *Id.* at 490–91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." *Id.* at 491.

■ The trial court's reasons must be supported by the record and must not be improper as a matter of law. *Id.* However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. *Id.* A trial court abuses its discretion if its reasons and circumstances for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Hollin v. State*, 877 N.E.2d 462, 464 (Ind.2007).

Hall alleges that the trial court used a single aggravating factor twice—to his detriment—when it was included in the list of aggravators and also permitted to offset the strength of a mitigating circumstance. Essentially, his complaint is that the trial court accorded too much weight to the aggravator of his DOC misconduct reports. *Anglemyer* prohibits a veiled attempt to

have aggravators and mitigators reweighed. Accordingly, we proceed to address Hall's inappropriateness argument.

## II. Inappropriateness

■ Upon conviction of each Class B felony, Hall faced a sentencing range of six years to twenty years, with the advisory sentence being ten years. *See* Ind.Code § 35–50–2–5. Consistent with his plea agreement with the State, Hall was given concurrent advisory sentences with four years suspended. However, the trial court ordered that the concurrent sentences be served consecutive to the sentences imposed in Miami, Huntington, and Wabash Counties. Hall asks that we review his aggregate sentence and revise it pursuant to Indiana Appellate Rule 7(B) such that it is not to be served consecutive to the sentences from other counties.

■ Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind.2008). A defendant " 'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.' " *Anglemyer*, 868 N.E.2d at 494 (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006)).

The nature of the instant offenses is that Hall broke into two residences in Fulton County. As to his character, Hall has a significant history of juvenile adjudications commencing in 2000 and criminal offenses commencing in 2002. He has had an ex-

tremely limited work history and sought to obtain funds for illegal drugs by committing burglaries. Once incarcerated, he completed some educational and substance abuse programs, but also incurred misconduct reports for fighting.

The imposition of consecutive sentences here is justified by the fact that Hall committed multiple burglaries involving multiple households in various counties. The existence of multiple victims supports the imposition of consecutive sentences in order "to vindicate the fact that these were separate harms and separate acts against more than one person." *Serino v. State,* 798 N.E.2d 852, 857 (Ind.2003).

As for the total length of the sentence, the advisory sentence was imposed, with four years suspended. In light of the nature of the offenses and Hall's character, we do not find this sentence to be inappropriate.

### III. Credit Time

Finally, Hall argues that he was denied credit time to which he was entitled. According to Hall, because the Fulton County Superior Court order to serve his sentence consecutive to other sentences was discretionary rather than mandatory, he should receive credit for his pretrial confinement on the Fulton County charges notwithstanding the award of credit time against his sentences imposed in other counties.

Initially, a person imprisoned for a crime or confined awaiting trial or sentencing is assigned to Class I and, based upon that classification, earns one day of credit time for each day he is confined. Ind.Code § 35–50–6–3; Ind. Code § 35–50–6–4(a). Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed. *Bischoff v. State,* 704 N.E.2d

129, 130 (Ind.Ct.App.1998), *trans. denied.* "Pre-sentence jail time credit is a matter of statutory right, not a matter of judicial discretion." *Weaver v. State,* 725 N.E.2d 945, 948 (Ind.Ct.App.2000).

When a defendant is incarcerated on multiple unrelated charges at the same time, a period of confinement may be the result of more than one offense. *Diedrich v. State,* 744 N.E.2d 1004, 1005 (Ind. Ct.App.2001). If a person is incarcerated awaiting trial on more than one charge and is sentenced to concurrent terms for the separate crimes, he is entitled to credit time applied against each separate term. *Stephens v. State,* 735 N.E.2d 278, 284 (Ind.Ct.App.2000), *trans. denied.* However, "[w]here a defendant is convicted of multiple offenses and sentenced to consecutive terms, the jail credit is applied against the aggregate sentence." *Shane v. State,* 716 N.E.2d 391, 400 (Ind.1999).

Indiana Code Section 35–50–1–2(d) provides that terms of imprisonment "shall be served consecutively" if, after being arrested for one crime, the individual commits another crime before his discharge from probation, parole, or a term of imprisonment imposed for that crime, or while he is on probation or while released on his own recognizance or on bond. Hall's burglaries in Fulton County were not committed after his arrest for another crime but before discharge; nor were the burglaries committed while Hall was on probation, released on his own recognizance or on bond. Thus, the order for consecutive sentences was discretionary as opposed to mandatory. Hall finds this to be a critical distinction.

He directs our attention to the lead opinion in *Brown v. State,* 907 N.E.2d 591 (Ind.Ct.App.2009). Upon Brown's assertion that he was erroneously denied credit time, the Court did not have a majority opinion, although two panel members agreed that some award of pretrial credit

was required under Indiana law. *Id.* at 594. Brown was entitled to credit for pretrial incarceration, against his ten-year sentence for dealing in cocaine, for time served after the date he was charged with an offense to which he subsequently pleaded guilty, even though at the time he was charged, he had been in jail on factually-unrelated charges that were subsequently dismissed pursuant to a plea agreement. *Id.* at 595. However, he was not entitled to credit for pretrial incarceration for time served in jail on the factually-unrelated charges that were subsequently dismissed. *Id.* Accordingly, double credit was avoided. In rejecting the State's reliance upon *Bischoff* as supportive of an award of zero credit time, the lead opinion stated:

> *Bischoff* relied upon Indiana Code Section 35–50–1–2, which requires consecutive sentences when a defendant is being sentenced both for a crime committed while on probation and in a probation revocation. And where consecutive sentences are required, credit time cannot be earned against each of the underlying sentences. This court has noted in the past that *Bischoff* only applies when mandatory consecutive sentences are at issue so as to prevent the award of "double credit time." *See, e.g., Diedrich v. State,* 744 N.E.2d 1004, 1007 n. 3 (Ind.Ct.App.2001). Mandatory consecutive sentences are not at issue here and, therefore, *Bischoff* is not applicable.

*Brown,* 907 N.E.2d at 595. As such, the lead opinion in *Brown* recognizes that, where consecutive sentences are required, credit time cannot be earned against each underlying sentence. The opinion does not, however, decide that credit time must be given against each underlying sentence where a trial court has exercised discretion to order that a sentence imposed in one county be served consecutive to a sentence imposed in another county.

We find *Bennett v. State,* 802 N.E.2d 919, 922 (Ind.2004) to be controlling. In that case, the appellant had pled guilty to attempted murder in Crawford County and was sentenced to a term of forty years. *See id.* at 921. In the same year, he pled guilty to robbery in an unrelated case in Harrison County for which he was sentenced to a term of ten years. *See id.* The Harrison County trial court ordered the robbery sentence to run consecutively to the sentence imposed in Crawford County, and Bennett challenged that order for consecutive sentences as well as claiming that he was erroneously denied pretrial credit time. Our Supreme Court held, "where a defendant is confined during the same time period for multiple offenses for which he is convicted and sentenced to consecutive terms, credit time is applied against the aggregate sentence, not against each individual sentence." *Id.* at 922.

Here, the record indicates that Hall received credit time against his sentences in Huntington and Wabash Counties as a result of his pretrial confinement. If Hall were granted presentence credit on the Fulton County sentence for the time during which he was accruing credit on the unrelated convictions, he would effectively receive concurrent sentences, rather than consecutive sentences, as ordered by the trial court in this case. We find no error in the denial of double credit time.

### Conclusion

Hall has not established an abuse of the trial court's sentencing discretion, nor has he demonstrated that his sentence is inappropriate. Finally, Hall was not denied credit time to which he was entitled.

Affirmed.

NAJAM, J., and DARDEN, J., concur.