**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case**.



**FILED**

May 28 2013, 9:28 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRETT M. ROY**
Roy Law Office
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JACOB PHILLIPS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 87A01-1211-CR-500 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause No. 87C01-1009-FA-87

**May 28, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jacob Phillips appeals the thirty-five-year sentence imposed upon his conviction for Class A felony child molesting, as well as the trial court's calculation of pre-sentencing credit time. We affirm.

**Issues**

The restated issues before us are:

   I.   whether Phillips was properly sentenced; and

   II.   whether the trial court erred in its calculation of pre-sentencing credit time.

**Facts**

Phillips married the mother of B.L. in 1999, when B.L. was six years old. Phillips began fondling B.L. when she was about eight years old. Phillips's molestation of B.L. eventually increased to include vaginal, oral, and anal intercourse, starting when B.L. was ten or eleven years old. In total, Phillips's molestations of B.L. took place over approximately a seven-year period and occurred as frequently as three times a week. During this time period, Phillips, B.L., and her mother lived in Warrick, Posey, and Vanderburgh Counties.

On April 29, 2010, Phillips was charged in Vanderburgh County with three counts of Class A felony child molesting and two counts of Class B felony sexual misconduct with a minor. Phillips was jailed in Vanderburgh County as a result of these charges and

he did not bond out. On April 30, 2010, Phillips was charged in Posey County with three counts of Class B felony sexual misconduct with a minor, and the trial court in Posey County issued a warrant for his arrest on that same date.

On September 28, 2010, Phillips was charged in Warrick County with two counts of Class A felony child molesting, and the Warrick Circuit Court issued a warrant for his arrest on that same date. On June 6, 2011, the Warrick Circuit Court demanded Phillips's transportation to Warrick County so that it could hold an initial hearing on the Warrick County charges. After the initial hearing, Phillips was returned to the Vanderburgh County Jail. Phillips was not actually served with the Warrick County arrest warrant was until February 6, 2012. On July 16, 2012, Phillips pled guilty to one count of Class A felony child molesting in Warrick County, with sentencing left to the trial court's discretion.

On October 15, 2012, the trial court sentenced Phillips to a term of thirty-five years in the Department of Correction. It found as aggravating circumstances the repeated instances that Phillips molested B.L. and his position of trust over her. As mitigating circumstances, it noted Phillips's lack of prior criminal convictions and his guilty plea. At the time of sentencing in this cause, Phillips was still awaiting sentencing on the cases in Vanderburgh and Posey Counties, and the trial court declined to enter any order as to whether its sentence should be served consecutive to or concurrent with any yet-to-be imposed sentences in other counties. The trial court calculated that Phillips was

entitled to 498 days of pre-sentencing credit time, representing the period between June 6, 2011, and October 15, 2012. Phillips now appeals.

**Analysis**

*I. Propriety of Sentence*

First, Phillips challenges the thirty-five-year sentence he received. In doing so, he cites Indiana Appellate Rule 7(B), which provides that we may revise a sentence if, after due consideration of the trial court's sentencing decision, we find that sentence to be inappropriate in light of the nature of the offense and the character of the offender. However, Phillips refers in his analysis to whether his sentence was "manifestly unreasonable," a standard of review that has not existed since January 2001, when Rule 7(B) was amended by our supreme court. See Serino v. State, 798 N.E.2d 852, 856 (Ind. 2003). Phillips also refers to "presumptive" sentences, which have not existed in Indiana since 2005, when they were replaced with "advisory" sentences. See Anglemyer v. State, 868 N.E.2d 482, 487-88 (Ind. 2007). Finally, and most importantly, Phillips makes no cogent argument under current Rule 7(B) caselaw regarding whether his sentence is inappropriate in light of the nature of the offense and his character. We therefore consider any Rule 7(B) argument to be waived. See Perry v. State, 921 N.E.2d 525, 528 (Ind. Ct. App. 2010).

Phillips also argues that the trial court abused its discretion in sentencing him. Part of his argument is that the trial court failed to give adequate weight to certain alleged mitigating circumstances. However, a trial court's weighing of aggravating and

4

mitigating circumstances is no longer subject to appellate review. See Anglemyer, 868 N.E.2d at 491.

Phillips does also argue that the trial court abused its discretion by overlooking some alleged mitigators, and that is a claim we may review. See id. at 490-91. An abuse of discretion in identifying or not identifying aggravators and mitigators occurs if it is "'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" Id. at 490 (quoting K.S. v. State, 849 N.E.2d 538, 544 (Ind. 2006)). Additionally, an abuse of discretion occurs if the record does not support the reasons given for imposing sentence, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Id. at 490-91. A trial court need not accept a defendant's proferred mitigating circumstances, and it abuses its discretion in failing to find a mitigating circumstance only if it is substantial and clearly supported by the record. Smith v. State, 929 N.E.2d 255, 259 (Ind. Ct. App. 2010), trans. denied.

First, Phillips argues the trial court should have assigned mitigating weight to his mental health history. At sentencing, Phillips presented evidence that beginning in August 2005, he began receiving psychiatric treatment, including occasional hospitalizations, for paranoia, suicidal thoughts, and bipolar disorder. Our supreme court has noted the need "for a high level of discernment when assessing a claim that mental illness warrants mitigating weight." Covington v. State, 842 N.E.2d 345, 349 (Ind.

5

2006). Factors to consider in addressing that question "include the extent of the inability to control behavior, the overall limit on function, the duration of the illness, and the nexus between the illness and the crime." Id. Here, although Phillips's mental health problems appear to be well-documented, there is little to no evidence connecting those problems with his repeated molestations of B.L. or suggesting that his culpability for those repeated heinous acts is less than it might otherwise be because of an inability to control behavior or a limitation on functioning. As such, we cannot say the proferred mitigating circumstance of Phillips's mental health was "substantial" and clearly supported by the record, and the trial court did not abuse its discretion in failing to note it.

Phillips also argues the trial court should have assigned mitigating weight to his remorse. A trial court's finding (or lack therof) regarding remorse is viewed as a credibility matter, one that we will not second-guess absent evidence of some impermissible consideration by the court. Pickens v. State, 767 N.E.2d 530, 535 (Ind. 2002). Phillips directs us to a letter he wrote to B.L. apologizing for his behavior and his cooperation with law enforcement. As the State points out, however, those purported expressions of remorse were tainted. The "apology" letter says that Phillips wished B.L. had talked to him personally about what he had done rather than informing law enforcement of his numerous molestations, while Phillips told police that he did not do anything to B.L. that was not "welcomed" by her. App. p. 71. These statements arguably reflect that Phillips did not fully comprehend the wrongfulness of his conduct if he truly believed B.L. should not have reported his crimes or that a young girl could have

6

meaningfully "welcomed" his advances. The trial court did not abuse its discretion by declining to consider Phillips's purported remorse as a mitigator.

Finally, Phillips argues that it is unlikely that he would reoffend, noting that the molestations stopped approximately two years before B.L. reported them to police. Before stopping, however, Phillips took advantage of his position as step-father to repeatedly molest B.L., as many as hundreds of times over the course of several years. This was not a one-time "mistake" or lapse of judgment on Phillips's part. Additionally, the probation officer who prepared the presentence report administered a risk assessment test to Phillips and determined that he was at a very high risk to reoffend, as noted by the trial court, in direct contrast to Phillips's claim that he is unlikely to reoffend. Although this test result could not by itself be used as an aggravating circumstance, and the trial court here did not do so, it was permissible for the trial court to consider that result as supplementing and enhancing its "evaluation, weighing, and application of the other sentencing evidence . . . ." Malenchik v. State, 928 N.E.2d 564, 573 (Ind. 2010). We do not believe the trial court abused its direction in failing to find as a mitigator that it was unlikely that Phillips would re-offend.

## II. Credit Time

Phillips also argues that he was deprived of pre-sentencing credit time to which he was entitled. The trial court granted Phillips 498 days of credit time, dating from when it held an initial hearing for Phillips on June 6, 2011 until his sentencing on October 15, 2012. Phillips contends he is entitled to an additional 251 days of credit time, dating

7

from when the Warrick County charges against him were filed and the arrest warrant issued on September 28, 2010, through June 5, 2011.

A defendant is entitled to credit for time served prior to sentencing as a matter of statutory right if he or she is subjected to pretrial confinement that is a result of the criminal charge for which sentence is being imposed. Hall v. State, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011), trans. denied. If a defendant is incarcerated on multiple "unrelated"[1] charges at the same time, a period of confinement may be the result of more than one offense for purposes of pre-sentencing credit. Id. "If a person is incarcerated awaiting trial on more than one charge and is sentenced to concurrent terms for the separate crimes, he is entitled to credit time applied against each separate term." Id. If, however, a defendant is convicted of the multiple offenses for which he has been held and receives consecutive sentences for them, the pre-sentencing jail time credit is applied against the total aggregate sentence, i.e., against only one of the sentences. Id.

Phillips argues that when the Warrick Circuit Court issued a warrant for his arrest on September 28, 2010, it effectively placed a "hold" upon him in the Vanderburgh County Jail. Indeed, a "hold" on a person being detained on another charge in another jurisdiction may equal an "arrest" for purposes of awarding pre-sentencing jail time credit. Nutt v. State, 451 N.E.2d 342, 345-46 (Ind. Ct. App. 1983). However, the mere

---

[1] Although Phillips's offenses were all molestation-related offenses against one victim, B.L., the charges in Warrick County were "unrelated" from the charges in Vanderburgh and Posey Counties, given that they alleged distinct criminal acts committed within the boundaries of those counties and Phillips was facing separate trials on the charges in all three counties. See Dolan v. State, 420 N.E.2d 1364, 1373 (Ind. Ct. App. 1981).

8

fact that an arrest warrant has been issued or even served is not enough to establish that the warrant served as a "hold" upon the prisoner; there must be some evidence that the warrant would have caused another jurisdiction (here, Vanderburgh County) to retain custody of the prisoner even if there were no longer any pending charges in that jurisdiction. See Bischoff v. State, 704 N.E.2d 129, 130 (Ind. Ct. App. 1998), trans. denied. Phillips has submitted no evidence that the Warrick County arrest warrant could have served as a "hold" that would have caused Vanderburgh County to detain Phillips in its jail even if the Vanderburgh County charges against him had been dismissed. The arrest warrant itself is silent on that point. Certainly, there is no evidence that the mere issuance of the warrant could have served as a "hold." It also is abundantly clear that the mere fact that Warrick County filed charges against Phillips but delayed holding an initial hearing or serving an arrest warrant upon him for several months, when it is apparent he could have been readily located, did not start the clock running for Phillips to receive pre-sentencing credit time for his Warrick County conviction. See Willoughby v. State, 626 N.E.2d 601, 601-02 (Ind. Ct. App. 1993) (holding that filing of probation revocation petition in Marion County, based on a new criminal charge filed in Hamilton County, did not entitle the defendant to pre-sentencing credit on Marion County sentence for time spent in Hamilton County Jail prior to service of Marion County arrest warrant and defendant's transfer to Marion County). Thus, we cannot say the trial court erred in not awarding Phillips any credit for time served in Vanderburgh County prior to his being brought before the Warrick Circuit Court to answer the charges filed in that county.

9

In what effectively amounts to a cross-appeal by the State, it argues that Phillips should not have received any pre-sentencing credit for time served in Vanderburgh County before February 6, 2012, which is the first time that the Warrick County arrest warrant was officially served upon Phillips. This would reduce Phillips's pre-sentencing credit time in this case to 253 days. Although the arrest warrant was not officially served until that date, the Warrick Circuit Court did clearly exercise its authority over Phillips when it demanded his transport from Vanderburgh County to Warrick County to undergo the initial hearing on June 6, 2011. Moreover, we believe it is impossible for us to address whether Phillips was improperly awarded credit time for the period between June 6, 2011 and February 6, 2012. The concern when properly calculating pre-sentencing credit time for a defendant who was confined on multiple charges is to avoid awarding the defendant unwarranted double credit time. See Hall, 944 N.E.2d at 543. We cannot answer the question of whether Phillips received improper double credit time without knowing whether any sentences he ultimately received in Vanderburgh and Posey Counties were ordered to be served concurrent with or consecutive to his Warrick County sentence and the amount of pre-sentencing credit time that he was awarded in those other cases. We thus decline to address the State's cross-appeal any further. Cf. Willoughby, 626 N.E.2d at 602 (noting that, if defendant did not receive appropriate credit time on Hamilton County sentence, his only avenue of relief was to appeal the Hamilton County sentence).

10

**Conclusion**

We find no abuse of discretion in the trial court's sentencing of Phillips, and it did not err in its calculation of pre-sentencing credit time. We affirm.

Affirmed.

NAJAM, J., and BAILEY, J., concur.