**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 27 2014, 6:40 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ADAM SULLENDER**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ADAM SULLENDER,                        )
                                       )
    Appellant-Defendant,               )
                                       )
       vs.                          )        No.  20A05-1308-CR-390
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.                )

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-1205-FC-120

**January 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Adam N. Sullender ("Sullender") pled guilty to Battery Resulting in Serious Bodily Injury, as a Class C felony,[1] and was sentenced to six years imprisonment, with two years suspended to probation. Proceeding pro se, he filed a motion to correct erroneous sentence, which challenged the trial court's assignment of credit time to only one of his sentences; the trial court denied this motion. He now appeals, proceeding pro se.

We affirm.

**Facts and Procedural History**

On May 8, 2012, in Cause Number FC-120 ("FC-120"), Sullender was charged with Battery Resulting in Serious Bodily Injury.

Sullender was convicted in a separate case, Cause Number FC-130 ("FC-130"), of Battery Resulting in Bodily Injury to a Pregnant Woman, as a Class C felony,[2] and Strangulation, as a Class D felony.[3] On December 13, 2012, Sullender was sentenced in FC-130 to an aggregate term of imprisonment of eleven years, with three years suspended to probation.

On February 6, 2013, Sullender entered a guilty plea in FC-120. On March 14, 2013, a sentencing hearing was conducted, at the conclusion of which Sullender was sentenced to six years imprisonment, four years of which were suspended to probation. The term of imprisonment in FC-120 was run consecutive to that in FC-130, and the sentencing order

---

[1] Ind. Code § 35-42-2-1(a)(3).

[2] I.C. § 35-42-2-1(a)(8).

[3] I.C. § 35-42-2-9(b).

2

noted that "[b]y agreement of the parties, all credit time for time served in this case shall be applied to [FC-130]." (App'x at 13.)

On June 10, 2013, Sullender filed a motion to correct erroneous sentence in FC-120, in which he contended that he was entitled to approximately 279 days of credit for time served in pre-sentencing confinement. The trial court denied his motion on July 9, 2013.

This appeal ensued.

**Discussion and Decision**

Sullender contends that he was improperly denied credit for time served in pre-sentencing confinement, and appeals from the trial court's denial of his motion to correct erroneous sentence.

Indiana Code § 35-38-1-15 provides that an erroneous sentence "does not render the sentence void," but rather is subject to correction by written motion "supported by a memorandum of law specifically pointing out the defect in the original sentence." Such a remedy is available "only when the sentence is 'erroneous on its face.'" Robinson v. State, 805 N.E.2d 783, 787 (Ind. 2004). We review trial court orders responding to motions to correct erroneous sentences for an abuse of discretion as to factual findings, and de novo on matters of law. Brattain v. State, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002).

A defendant who is confined and awaiting trial or sentencing is initially assigned to Class I for purposes of credit time, and earns one day of credit for time served for each day of confinement. I.C. §§ 35-50-6-3 & 35-50-6-4(a). Entitlement to credit time is a statutory right, not a matter of judicial discretion. Hall v. State, 944 N.E.2d 538, 542 (Ind. Ct. App.

3

2011), trans. denied. "Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which the sentence is being imposed." Id.

If a defendant is incarcerated for multiple, unrelated charges at the same time, confinement may be the result of more than one offense. Id. If the individual is confined awaiting trial on more than one charge, and the sentences for the separate crimes are imposed to run concurrently, the defendant is entitled to credit time applied against each of the terms of imprisonment. Id. But "'[w]here a defendant is convicted of multiple offenses and sentenced to consecutive terms, the jail credit is applied against the aggregate sentence.'" Id. (quoting Shane v. State, 716 N.E.2d 391, 400 (Ind. 1999)). "There is no basis for the proposition that the legislature could have contemplated 'extra' or 'double' credit to a convicted felon under these circumstances." Ragon v. State, 654 N.E.2d 906, 907 (Ind. Ct. App. 1995) (quoting Simms v. State, 421 N.E.2d 698, 702 (Ind. Ct. App. 1981)) (internal quotation marks omitted). This precludes a claim that one is entitled to "'double' credit time." Ragon v. State, 654 N.E.2d 906, 907 (Ind. Ct. App. 1995).

Here, Sullender was serving time in pre-sentence confinement pending trial in both FC-120 and FC-130. Sullender was convicted and sentenced in December 2012 in FC-130, and remained in confinement pending resolution of FC-120, in which judgment of conviction was entered and a sentence was fixed in March 2013. The sentence in FC-120 was run consecutive to that assessed in FC-130. The trial court's order assigned all the credit time for

Sullender's pre-sentencing confinement to FC-130, and the record reflects that Sullender agreed with this decision.

Because the sentences in the two cases were run consecutive to one another, Sullender was only entitled to benefit once from the credit time he accrued while incarcerated before the determination of his sentence in FC-120. See Hall, 944 N.E.2d at 702; Ragon, 654 N.E.2d at 907. To do as Sullender insists—that is, to credit his sentence in FC-120 with the approximately 279 days of pre-sentencing incarceration served as a result of both FC-120 and FC-130, some of which time Sullender served after having been convicted and sentenced in FC-130—would have been to impermissibly award him with "'double' credit time." Ragon, 654 N.E.2d at 907. The trial court assigned all of Sullender's pre-sentencing credit time to FC-130, and avoided this result.

The trial court's assignment of Sullender's pre-sentencing credit time in FC-120 to the sentence assessed in FC-130 was not facially erroneous. We therefore affirm the trial court's denial of Sullender's motion to correct erroneous sentence.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.