**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 24 2014, 9:31 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TONY R. EVANS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1407-CR-481 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Judge
Cause No. 34D01-0506-FB-130

**December 24, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Tony R. Evans appeals from the trial court's order revoking Evans's suspended sentence. We affirm.

## ISSUE

Evans presents the following issue for our review:

Whether the trial court abused its discretion by denying Evans credit time under this cause number.

## FACTS AND PROCEDURAL HISTORY

Evans faced multiple felony charges and one misdemeanor charge filed against him in Howard County in June 2005. On April 18, 2007, pursuant to a plea agreement, Evans pleaded guilty to one count of Class B felony dealing in cocaine[1] under cause number 34D01-0506-FB-130 ("FB-130"). The plea agreement also required Evans to plead guilty to a charge under another cause number. In return, the State agreed to dismiss the remaining charges against Evans under FB-130. The plea agreement provided that Evans would be sentenced to ten years in the Department of Correction under FB-130 with six years executed and four years suspended to probation. The trial court accepted the plea agreement and sentenced Evans according to the terms of the plea agreement.

On February 18, 2009, the trial court modified Evans's sentence by granting him a direct placement in the Howard County Community Transition Program. Thereafter, on

---

[1] Ind. Code §35-48-4-1 (2001).

2

July 20, 2009, Evans was placed on probation.

On November 17, 2009, the State filed a petition to revoke Evans's suspended sentence. On May 26, 2010, Evans admitted the violation of his suspended sentence. Pursuant to a plea agreement resolving new charges against Evans and the violation, Evans was placed in the Howard County Drug Court Program and further proceedings were deferred. On April 18, 2012, Evans graduated from the program and was returned to probation under FB-130.

On January 7, 2013, the State filed a second petition to revoke Evans's suspended sentence under FB-130. On April 25, 2013, the parties filed a plea bargain, which the trial court rejected on May 30, 2013. On September 26, 2013, the State filed a motion to dismiss the second petition, a motion the trial court granted that same day.

On December 19, 2013, the State filed a third petition to revoke Evans's suspended sentence. On May 1, 2014, the parties submitted a plea agreement to the trial court, but that recommendation was rejected. On June 26, 2014, Evans admitted the allegation. The trial court accepted Evans's plea and ordered Evans to serve his suspended sentence of 1,460 days in the Indiana Department of Correction. The trial court's order expressly stated that Evans was to receive no credit time while awaiting disposition under FB-130 because it appeared that the credit time was being applied to the other charges. Evans now appeals the denial of credit time under FB-130.

## DISCUSSION AND DECISION

Evans contends that the trial court abused its discretion by denying him credit time under FB-130 after ordering Evans to serve his suspended sentence in the Indiana

3

Department of Correction. However, "pre-sentence jail time credit is a matter of statutory right, not a matter of judicial discretion." *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000). Therefore, we will review the trial court's decision not to award Evans pre-sentence jail time credit under FB-130 to determine if the sentence imposed is facially defective. *See id.* ("Indeed, a sentence that violates express statutory authority is facially defective.")

According to Indiana Code section 35-50-6-3 (1977), a person assigned to Class I earns one day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing. "When a defendant is incarcerated on multiple unrelated charges at the same time, it is possible that a period of confinement may be the result of more than one offense." *Diedrich v. State*, 744 N.E.2d 1004, 1005 (Ind. Ct. App. 2001). "If a person is incarcerated awaiting trial on more than one charge and is sentenced to concurrent terms for the separate crimes, he is entitled to credit time applied against each separate term." *Hall v. State*, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011). "However, '[w]here a defendant is convicted of multiple offenses and sentenced to consecutive terms, the jail credit is applied against the aggregate sentence.'" *Id.* (quoting *Shane v. State*, 716 N.E.2d 391, 400 (Ind. 1999)).

Indiana Code section 35-50-1-2(d) (2005) provides in pertinent part that "[i]f, after being arrested for one (1) crime, a person commits another crime: (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime . . . the terms of imprisonment for the crimes shall be served consecutively. . . ." "[W]here consecutive sentences are required, credit time cannot be earned against

4

each of the underlying sentences." *Brown v. State*, 907 N.E.2d 591, 595 (Ind. Ct. App. 2009).

The trial court in this case found that Evans's requested credit time applied to other charges and therefore could not be applied to the probation revocation. Although Evans argues that the trial court abused its discretion by doing so, Evans has failed to provide us with a complete record. "A failure to provide a complete record may result in a waiver of the issue." *Reed v. State*, 702 N.E.2d 685, 689 (Ind. 1998). Indiana Appellate Rule 50(A)(2) requires an appellant to provide copies of all relevant orders and judgments in the Appendix. Without copies of the petitions for revocation and copies of arrest warrants from which we could determine the connections between alleged probation violations and new offenses, we are unable to assess whether the trial court's decision is erroneous.

What we are able to determine from the record before us is that it appears each of the petitions to revoke Evans's probation was based on a new criminal charge or charges. Because the sentences for any new criminal offenses committed while Evans was on probation would have to be served consecutively, he would not be entitled to jail credit time on both the probation violation and under the new cause numbers. In *State v. Lotaki*, 4 N.E.3d 656, 657 (Ind. 2014), our Supreme Court reiterated that an "award of credit time with respect to a mandatory consecutive sentence was error, and conflicts with our precedent." (citing *Corn v. State*, 659 N.E.2d 554, 558-59 (Ind. 1995)).

The trial court was permitted to take judicial notice of other cases involving Evans. *See* Ind. Evidence Rule 201. The records supplied by Evans on appeal reflect

5

references to five related cause numbers under which credit time could have been received. Additionally, Evans presents no evidence to refute the inference that he was in custody due to the new charges, or that his credit time was not applied to those new charges. Further, the record before us does not clearly reflect the dates of Evans's incarceration or the cause numbers for which he was incarcerated. Consequently, neither the trial court nor this Court can discern the amount of credit time to which Evans might be entitled. Evans has not provided us with a record adequate to support his contentions and to contradict the trial court's findings and decision.

## CONCLUSION

In light of the above, we affirm the trial court's decision.

Affirmed.

BAKER, J., and PYLE, J., concur.

6