

FILED

Feb 22 2017, 6:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David M. Payne
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryce A. Swihart, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 22, 2017 <br><br> Court of Appeals Case No. <br> 27A02-1605-CR-1219 <br><br> Appeal from the Grant Superior Court <br><br> The Honorable Dana Kenworthy, Judge <br><br> Trial Court Cause No. <br> 27D02-1504-F6-118 |

**Bailey, Judge.**

# Case Summary

Bryce A. Swihart ("Swihart") was convicted by a jury of two counts of Forgery, as Level 6 felonies.[1] He now appeals.

We affirm.

# Issues

Swihart raises two issues for our review:

    I.    Whether there was sufficient evidence to sustain the convictions for Forgery; and

    II.    Whether the trial court erred in determining Swihart's jail credit time.

# Facts and Procedural History

On the evening of January 13, 2015, Heather Underwood ("Underwood") was working as a store manager at Friendly Market on 2nd Street in Marion. Friendly Market, among other things, provided check cashing services. Swihart entered Friendly Market and presented Underwood a computer-printed check for $2,248.33, purporting to have been drawn on an account belonging to Elite

---

[1] Ind. Code § 35-43-5-2(d)(4).

Motor Sales ("Elite Motors") in Marion, and bearing the signature of one Scott Miller. (Ex. 1.)

[5] Because of the value of the check and Friendly Market's verification procedures, Underwood took a photograph of the check and Swihart's identification card, which stated his place of residence as Peru, Indiana, and contacted her supervisor to determine whether the check could be honored. An attempt was made to contact Elite Motors to verify the check, but the attempt failed because it was outside of Elite Motors' regular hours. Underwood told Swihart that he could try to return the following day during regular business hours.

[6] Swihart returned to Friendly Market during the day on January 14, 2015. Underwood said that several facets of the transaction raised "red flags" for her: the check was drawn on a local bank and could have been cashed there without paying her business's higher fees; Swihart's identification stated that he was from Peru, Indiana, but he was trying to cash the check in another town; the large amount of the check; Swihart's agitation; and a conversation Swihart had with another customer that prompted Swihart to leave and go to a different store.

[7] Based on the conversation Underwood overheard, she called to another Friendly Market store on 10th Street in Marion to warn that store's manager, Ashokbhai Patel ("Patel"), that Swihart might try to cash the check there. Swihart eventually arrived at the 10th Street Friendly Market and presented the

check to Patel for payment. Swihart claimed it was a payroll check, whereas on the prior day he had told Underwood it was a check he received after selling Elite Motors a vehicle. The large amount of the check also raised Patel's suspicions, and he declined to honor the check.

[8] Eventually, employees of Friendly Market successfully contacted Elite Motors' owner, Alan Sample ("Sample"), who denied ever having written a check to Swihart. Sample in turn contacted police.

[9] On January 15, 2015, Marion Police Department Officer Mark Kilgore ("Officer Kilgore") was dispatched to the Friendly Market on 2nd Street to take a report. Kilgore spoke with both Sample and Underwood, obtained a copy of the check and Swihart's identification card, and opened an investigation.

[10] On April 1, 2015, the State charged Swihart with two counts of Forgery. Swihart was served with the arrest warrant on May 21, 2015, and was also arrested on a number of charges in other Indiana counties.

[11] A jury trial was conducted on April 5, 2016, at the conclusion of which the jury found Swihart guilty as charged. The trial court entered judgment of conviction against Swihart and ordered a pre-sentence investigation.

[12] A sentencing hearing was conducted on May 9, 2016. The trial court sentenced Swihart to 2 ½ years imprisonment for each count of Forgery, with the sentences run concurrent with one another but consecutively to a sentence

imposed in an unrelated case in Madison County. The trial court granted Swihart jail credit time of 124 days against his sentence in this case.

[13] This appeal ensued.

# Discussion and Decision

## Sufficiency of the Evidence

[14] Swihart's first contention on appeal is that there was insufficient evidence to support the jury's verdicts. Our standard of review in such cases is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[15] Swihart was charged with two counts of Forgery, as Level 6 felonies. To obtain a conviction on each count, the State was required to prove beyond a reasonable doubt that Swihart twice, with intent to defraud, uttered a written instrument, check #5057, purportedly from Elite Motor Sales, made payable to him for the amount of $2,248.33, in such a manner that it purported to be made

by the authority of one who did not give authority. *See* I.C. 35-43-5-2(d)(4); App'x Vol. 2 at 8.

[16] Swihart's argument on appeal is an express request that this Court reweigh the evidence at trial. He directly attacks the credibility of witnesses, asks that we disregard the evidence that favors the verdict, and argues that we should instead rely upon the absence of a video recording from the Friendly Market stores.[2] We will not do so.

[17] The evidence that favors the verdict is as follows. Underwood testified that Swihart, whom she did not know prior to January 13, 2015, twice presented himself, a computer-printed check drawn on Elite Motors' account, and his identification to the 2nd Street Friendly Market location, but that she did not honor the check. Patel testified that Swihart attempted to do the same thing at the 10th Street Friendly Market location, and that he, too, did not honor the check. Underwood and Patel both identified Swihart in open court as having presented himself at the stores they managed. Further, Sample testified that his business has never used computer-printed checks and never used the type of check paper that Swihart presented, that he had never met Swihart, and that he had never authorized payment to Swihart of any amount of money. A copy of

---

[2] Concerning Underwood's testimony that regular customers came to the store on January 13, 2015, Swihart argues, "How on earth can anyone remember numerous other customers who came to the store on that particular day without any incident or event to trigger recollection of the event. [sic] The most honest answer would have been, 'I don't recall who else came to the store on that particular day.'" (Appellant's Br. at 14.) Swihart later characterizes the testimony as "at best, shaky." (Appellant's Br. at 15.)

Swihart's identification card and the check were entered into evidence. This is more than sufficient evidence to sustain Swihart's convictions, and we accordingly affirm the convictions.[3]

## Credit Time

[18] We turn to Swihart's other contention on appeal, that the trial court erred when it did not permit credit for time served prior to trial in one county to be applied to his sentence in this case.

[19] Our prior case law has held:

> When a defendant is incarcerated on multiple unrelated charges at the same time, a period of confinement may be the result of more than one offense. *Diedrich v. State,* 744 N.E.2d 1004, 1005 (Ind. Ct. App. 2001). If a person is incarcerated awaiting trial on more than one charge and is sentenced to concurrent terms for the separate crimes, he is entitled to credit time applied against each separate term. *Stephens v. State,* 735 N.E.2d 278, 284 (Ind. Ct. App. 2000), *trans. denied.* However, "[w]here a defendant is convicted of multiple offenses and sentenced to consecutive terms, the jail credit is applied against the aggregate sentence." *Shane v. State,* 716 N.E.2d 391, 400 (Ind. 1999).

*Hall v. State*, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011), *trans. denied*.

---

[3] To the extent Swihart relies upon the best evidence rule, as set forth in our Rules of Evidence, we note that the long-established purpose of the rule is to ensure that the best version of a particular item of evidence is presented—not that one item of evidence should be disregarded as being less reliable or somehow not as good as another. *Jackson v. State*, 274 Ind. 297, 301, 411 N.E.2d 609, 612 (Ind. 1980). In suggesting that the conviction cannot be sustained with a video recording from store security cameras, Swihart advances the second, rejected interpretation of the rule. We accordingly do not address this facet of Swihart's argument.

[20] Here, the trial court granted Swihart jail credit time of 124 days, representing the time he was held in jail prior to trial in this cause. Swihart had been incarcerated for a total of 353 days prior to his sentencing hearing in this case. However, the difference between the 353 days of total incarceration and the 124 days of credit time awarded in this case was reflected in credit time counted against his sentence in another case in Madison County; that sentence was run consecutive to the sentence in this case. Swihart argues that "he was entitled to pretrial credit time from the time his warrant was served on the current charge, *notwithstanding the fact that some of that credit time was applied on another charge* from Madison County." (Appellant's Br. at 16; emphasis added.) That is, despite his sentences in this case having been run consecutive to the sentence in his case from Madison County, Swihart requests that we determine that the trial court erred when it did exactly as prior case law has held: ensured that "'jail credit is applied against the aggregate sentence.'" *Hall*, 944 N.E.2d at 542 (quoting *Shane v. State*, 716 N.E.2d 391, 400 (Ind. 1999)).

[21] Swihart provides no rationale for this beyond suggesting we consult the overall statutory scheme for credit time, and acknowledges that his argument is contrary to precedent. Yet we are bound by the decisions of the Indiana Supreme Court, the decisions of which are binding upon us until either it or the General Assembly changes the law. *Grabill Cabinet Co., Inc. v. Sullivan*, 919 N.E.2d 1162, 1167 (Ind. Ct. App. 2010). To the extent Swihart seeks a change in the law, it is to those institutions that he should address his request.

Having found no error, we accordingly affirm the trial court's determination of jail credit time.

# Conclusion

There was sufficient evidence to support Swihart's conviction. The trial court did not err in determining jail credit time.

Affirmed.

Najam, J., and May, J., concur.