## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 18 2017, 6:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Mark Casper
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mark Casper,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 18, 2017

Court of Appeals Case No.
62A04-1606-CR-1249

Appeal from the Perry Circuit Court

The Honorable Lucy Goffinet, Judge

Trial Court Cause No.
62C01-1110-FA-702

**Bailey, Judge.**

# Case Summary

Mark Casper appeals the sentencing order entered upon his plea of guilty to dealing in methamphetamine, as a Class A felony.[1]  He raises one issue for our review, namely, whether the trial court erroneously denied him credit for his pretrial confinement.  We affirm.

# Facts and Procedural History

On August 1, 2011, Casper was arrested in Crawford County for charges that included dealing methamphetamine, as a Class A felony, and carrying a handgun without a license, as a Class C felony.[2]  On October 4, 2011, while Casper was still incarcerated in Crawford County, the State charged Casper in Perry County with five additional felonies and two misdemeanors, all of which were unrelated to the charges pending in Crawford County.  The Perry County trial court issued a warrant for Casper's arrest on October 6.  On February 8, 2012, the State transferred Casper to Perry County Jail and served him with the arrest warrant pending in the Perry County case.

On April 30, 2012, Casper entered into a plea agreement in the Crawford County case.  Under the terms of that plea agreement (hereinafter, "Crawford plea agreement"), Casper pled guilty to dealing in methamphetamine, as a

---

[1]  Ind. Code § 35-48-4-1.1 (2012).

[2]  I.C. § 35-47-2-1.

Class A felony, and carrying a handgun without a license, as a Class C felony, and he was sentenced to thirty-five years in the Department of Correction ("DOC"), with ten years suspended and "good credit from August 1, 2011 to the day of sentencing," (i.e., May 29, 2012). Appellant's App. at 38. On May 9, 2012, Casper entered into a plea agreement in the Perry County case, under which he pled guilty to dealing in methamphetamine, as a Class A felony,[3] and was sentenced to thirty-five years in the DOC, with ten years suspended. The plea agreement in the Perry County case (hereinafter, "Perry plea agreement") was made contingent upon Casper entering into the Crawford plea agreement, and the Perry plea agreement stated that its sentence "shall be concurrent with the sentence" in the Crawford County case. *Id*. at 36. On June 6, the Perry County court sentenced Casper in accordance with the terms of the Perry plea agreement, but did not mention any credit time for pretrial confinement.

[4] On January 28, 2015, Casper filed in the Perry County case a petition for credit time in which he sought 310 days of credit from the date he was arrested in the Crawford County case (i.e., August 1, 2011) to the date he was sentenced in the Perry County case (i.e., June 6, 2012). The trial court denied that petition.[4] On March 18, 2016, Casper filed a second petition for credit time in which he sought 240 days of credit from the date the arrest warrant was issued in the

---

[3] Under the plea agreement, the remaining charges in the Perry County case were dismissed.

[4] The record does not contain a copy of the trial court order denying the petition. However, contrary to the State's contention, that document is not necessary in order for us to decide this appeal.

Perry County case (i.e., October 6, 2011) to the date he was sentenced in the Perry County case (i.e., June 6, 2012). In an order dated March 30, 2016, the Perry County trial court granted, in part, Casper's petition. Specifically, it granted him 119 days of credit time for the period from the date he was served with the arrest warrant in the Perry County case (i.e., February 8, 2012) to the date he was sentenced in that case (i.e., June 6, 2012). The trial court denied Casper's subsequent motion to reconsider the March 30 order, and Casper now appeals.

## Discussion and Decision

[5]  Casper contends that the Perry County trial court granted him less credit time than that to which he was entitled. Specifically, he contends that the Perry County court erred by calculating his credit time from February 8, 2012 (the date he was *served* with the arrest warrant) to June 6, 2012 (the date of sentencing), rather than from October 6, 2011 (the date the arrest warrant was *issued*) through June 6, 2012. We disagree.

[6]  A person imprisoned for a crime or confined awaiting trial or sentencing has a statutory right to one day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing. Ind. Code § 35-50-6-3 (2012). "Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which sentence is being imposed." *Hall v. State*, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011), *trans. denied*.

[7] It is well-settled that when, as here, a person is incarcerated awaiting trial on more than one charge and is sentenced to concurrent terms for the separate crimes, Indiana Code Section 35-50-6-3 entitles him to receive credit time applied against each separate term. *Id.* Here, the Perry County court ordered that the sentence in that case ran concurrently with Casper's sentence in the Crawford County case.[5] Therefore, Casper was entitled to credit time applied against each separate term. *Id.*

[8] Credit time is the number of days spent in confinement from the date of arrest for the offense to the date of sentencing for that same offense. *Diedrich v. State*, 744 N.E.2d 1004, 1005 (Ind. Ct. App. 2001) (quoting *Dolan v. State*, 420 N.E.2d 1364, 1373 (Ind. Ct. App. 1982)). Credit time does not include the number of days between the date a warrant is issued and the date it is served upon a defendant when the defendant was in confinement during that period on unrelated charges. *Dolan*, 420 N.E.2d at 1373-74.

[9] The Crawford County court properly gave Casper presentence confinement credit for the period of August 1, 2011 (the date of his arrest for the Crawford County charges) to May 29, 2012 (the date he was sentenced for the Crawford County charges). And the Perry County court also properly awarded Casper credit time for the period from his arrest for the Perry County charges—i.e.,

---

[5] Sentences issued by different courts may run concurrently so long as the sentences are to be served in the same institution. *E.g.*, *Perry v. State*, 921 N.E.2d 525, 527 (Ind. Ct. App. 2010). Here, both the Crawford County and the Perry county sentences are to be served in the DOC and may therefore run concurrently.

February 8, 2012—to the date he was sentenced for the Perry County charges—i.e., June 6, 2012. Contrary to Casper's contention, he is only entitled to credit against his Perry County sentence beginning with the date he was *served* with the warrant (February 8, 2012), rather than the date the arrest warrant was *issued* (October 6, 2011), because before he was served with the warrant he was incarcerated in Crawford County on charges unrelated to the Perry County charges. *Id.*

[10] Affirmed.

Baker, J., and Altice, J., concur.