# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 18 2018, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Anthony W. Taylor
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Anthony Taylor,[1]

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 18, 2018

Court of Appeals Case No.
49A02-1701-CR-195

Appeal from the
Marion Superior Court

The Honorable
Grant W. Hawkins, Judge

Trial Court Cause No.
49G05-0608-FB-146891

---

[1] We note that Taylor uses the name Taylor-El in his Notice of Appeal and other documents in this case. We use the name Taylor here because it is the name on the original trial court case and the other appeals from that case.

**Kirsch, Judge.**

[1] Anthony Taylor appeals the trial court's denial of his motion for jail credit time contending that the trial court's calculation of his pre-trial jail credit time was in error.

[2] We affirm.

## Facts and Procedural History

[3] On August 9, 2006, Taylor was arrested. On August 10, 2006, the State charged Taylor with unlawful possession of a firearm by a serious violent felon. On August 12, 2006, Taylor was released on bond. Taylor was arrested on October 6, 2006, when he violated his bond, and released again on October 27, 2006. On December 4, 2006, he was arrested again and released again on December 8, 2006. On December 13, 2006, he was arrested again. He was released on February 8, 2007. On April 12, 2007, the trial court found Taylor guilty. He was remanded to the custody of the Sheriff on April 20, 2007. On April 23, 2007, Taylor was sentenced to fifteen years executed in the Department of Correction. At sentencing, the parties agreed that Taylor should receive ninety-three days of pre-trial jail credit time. *Appellant's App. Vol. II* at 17.

[4] This court's decision on Taylor's direct appeal was issued on December 27, 2007. *Taylor v. State*, No. 49A04-0705-CR-283 (Ind. Ct. App. Dec. 27, 2007). On January 11, 2017, Taylor filed a motion for jail time credit in the trial court, and the trial court denied the motion on the same day. Taylor now appeals.

## Discussion and Decision

[5] Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit. *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001). However, those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion. *Id*. At the time of Taylor's conviction, a person imprisoned for a crime or confined awaiting trial or sentencing would have been assigned to Class I and, based upon that classification, earned one day of credit time for each day he is confined. Ind. Code §§ 35-50-6-3, 35-50-6-4; *Hall v. State*, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011), *trans. denied*. Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which the sentence is being imposed. *Hall*, 944 N.E.2d at 538.

[6] Finding that the trial court did not miscalculate Taylor's pre-trial credit time, we do not analyze the State's arguments on waiver, but rather address Taylor's argument on the merits. His documentation from the Marion County Sheriff's Department indicates the dates that Taylor was imprisoned in the Marion County Jail for this offense. *Appellant's App. Vol II* at 25. Based on the Marion County Sheriff's Department Time Served at the Marion County Jail document detailing Taylor's time spent in jail, *id*, *Ex*. F, Taylor's pre-trial jail credit for his charge of unlawful possession of a firearm by a serious violent felon should be calculated as follows: On August 9, 2006, Taylor was arrested. On August 10,

2006, Taylor was charged and his bond was set at $80,000. On August 12, 2006, Taylor made bond and was released (four days). On October 6, 2006, Taylor was arrested when he violated his bond and was released again on October 27, 2006 (twenty-two days). On December 4, 2006, Taylor violated his bond again and was incarcerated in the Marion County Jail until December 8, 2006 (five days). He was arrested a fourth time on December 13, 2006 and was not released until February 8, 2007 (fifty-eight days). After being found guilty, Taylor was arrested and remanded to the custody of the Marion County Sheriff's Department on April 20, 2007. He was sentenced on April 23, 2007 (four days). Therefore, Taylor's total amount of pre-trial jail credit time was ninety-three days, which is the amount of pre-trial jail credit time he received.

[7]     Any time that Taylor served in the Marion County Jail after he was sentenced is not considered pre-trial credit time. I.C. § 35-50-6-4(h) (pre-trial credit only applies to a person imprisoned awaiting trial). The time that Taylor served in the Marion County Jail after he was sentenced is properly applied to the remaining balance of his executed sentence. Taylor's appealed motion does not include any allegation that he did not properly receive his post-sentencing credit for time spent in the Marion County Jail. The trial court properly denied Taylor's motion for jail time credit, as the ninety-three days of pre-trial jail credit that Taylor was awarded at sentencing was proper.

[8]     Affirmed.

[9]     Bailey, J., and Pyle, J., concur.